IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY DELCAVO, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>TOUR RESOURCE CONSULTANTS LLC,<br><br>    Defendant. | Case No. 21- 2137-TC-ADM |

## NOTICE AND ORDER TO SHOW CAUSE

To counsel representing plaintiff Anthony Delcavo:

Plaintiff's class action complaint purports to invoke the court's diversity jurisdiction. (*See* ECF 1 ¶ 18 (citing 28 U.S.C. § 1332).) Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state . . . ."). The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.,* 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

Plaintiff's complaint does not allege facts sufficient to invoke the court's diversity jurisdiction because it does not sufficiently allege complete diversity between plaintiff and defendant. First, plaintiff alleges that he "is a resident of the State of Colorado." (ECF 1 ¶ 14.) But a "resident" of a state is not equivalent to a "citizen" of a state. Rather, an individual "is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200 (citing

*Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).  Domicile is established by a physical presence in a place in connection with an intent to remain there.  *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989).  A residence is not synonymous with domicile.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 n.14 (10th Cir. 1972) (holding that "an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).  Plaintiff's allegation that he resides in Colorado is therefore not the same as alleging that he is domiciled in Colorado and thus a Colorado citizen.

Plaintiff further alleges that defendant Tour Resource Consultants LLC ("Tour Resource") is a Kansas limited liability company and that "all of [Tour Resource]'s members are Kansas residents." (ECF 1 ¶¶ 15, 17.)  Like partnerships, the citizenship of an LLC is determined by that of its members.  *Siloam Springs*, 781 F.3d at 1234.  And where an LLC has another LLC as one of its members, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."  *CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC*, No. 18-2597-DDC-KGG, 2019 WL 2612940, at *6 (D. Kan. June 26, 2019) (internal quotations omitted).  Plaintiff's allegation that Tour Resource's members are all Kansas residents is not the same as alleging that those members are Kansas citizens, for the reasons discussed above.  Thus, plaintiff's complaint also does not sufficiently allege Tour Resource's citizenship.

Because the face of the complaint does not establish complete diversity of citizenship, the court orders plaintiff to show cause in writing by **April 12, 2021**, why the court should not recommend that the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction.  Any response to this show-cause order must specify plaintiff's domicile and must

point to factual allegations regarding the citizenship of Tour Resource's members that, if true, would establish complete diversity.

**IT IS SO ORDERED.**

Dated March 29, 2021, at Topeka, Kansas.

                                                      s/ Angel D. Mitchell
                                                     Angel D. Mitchell
                                                     U.S. Magistrate Judge