IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY DELCAVO, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) )   Case No. 21-2137-TC-ADM |
| v. | ) ) ) |
| TOUR RESOURCE CONSULTANTS LLC, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO THE COURT'S NOTICE AND ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND AND CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

The Court should not dismiss this case for lack of subject matter jurisdiction. As explained below, Plaintiff, by and through undersigned counsel, alleges complete diversity between himself and Defendant Tour Resource Consultants LLC ("Defendant" or "Tour Resource"). If the Court still does not believe that he has provided sufficient factual allegations regarding the citizenship of Tour Resource's members, however, Plaintiff moves this Court for an extension of time to further respond to its Notice and Order to Show Cause (Doc. 4) and to conduct limited jurisdictional discovery.

In support, Plaintiff states and alleges as follows:

**a.     Procedural background**

On March 29, 2021, the Court ordered Plaintiff to show cause in writing why it should not recommend that the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction." (*Id.*, p. 2).

In its Order, the Court directed Plaintiff to file a response that specifies his domicile, which is "the combination of physical presence in a place (residence) and a certain state of mind, that is, the intent to remain there." *Field v. Swade*, 1998 U.S. Dist. LEXIS 13745, *3 (D. Kan. 1998) (citation omitted). To be clear, Plaintiff is a citizen of the State of Colorado. He resides there and intends to remain there indefinitely. Plaintiff has no intention of moving to another state.

The Court's Order also directed Plaintiff to "point to factual allegations regarding the citizenship of Tour Resource's members that, if true, would establish complete diversity." (Doc. 4, pp. 2-3). Although the Court's Order puts Plaintiff in a somewhat difficult position since information regarding the members of a limited liability company is not always publicly available and he cannot force such information to be divulged before commencing a lawsuit, Plaintiff can establish a plausible theory of subject matter jurisdiction, as set forth below.

b.      **Plaintiff appears to be completely diverse from Defendant's members**

Tour Resource's most recent "Limited Liability Company Annual Report" on the Kansas Secretary of State's website indicates that Maury L. Schulte is the only individual currently owning more than 5% of Defendant's capital. (*See* Ex. 1). It lists his address as 12440 W. 62nd Terr., Shawnee, KS 66216 and identifies him as Defendant's registered agent.[1] In addition, Tour Resource's 2020 "Statement of Information" on the California Secretary of State's website contains a section entitled "Manager(s) or (Member(s)," which only lists Mr. Schulte. (*See* Ex. 2). Further, Tour Resource's 2008 "Limited Liability Company Application for Registration" on the California Secretary of State's website expressly identifies Mr. Schulte as Defendant's "*sole owner*, President & CEO." (*See* Ex. 3) (emphasis added).

---

[1] Mr. Schulte was served with process on April 7, 2021.

2

To the best of Plaintiff's knowledge, the only other individuals that have ever been referenced in Defendant's official government filings as "Member(s)" are:

a) "Kathy j meeks [sic]" in Ex. 2, who appears to be a certified public accountant located in Independence, MO *(see* https://cpadirectory.com/certified-public-accountants/missouri/independence-mo/kathy-meeks/880047); and

b) "Susan Ridenour" in Tour Resource's 2009 "Limited Liability Company Annual Report" on the Kansas Secretary of State's website (s*ee* Ex. 4), who appears to be a Kansas citizen. (*See* https://www.facebook.com/susan.shumway.ridenour).[2]

Since Plaintiff is a citizen of Colorado, and, through reasonable inquiry, it does not appear that any of Tour Resource's members, or even potential members, are citizens of that state, Plaintiff has a good faith basis for alleging he is completely diverse from Defendant's members, and the Court should not dismiss his case.

**b.  Alternatively, Plaintiff respectfully moves for an order granting him an extension of time to further respond to the Court's Order and permitting him to conduct limited jurisdictional discovery**

If the Court still believes that Plaintiff has not sufficiently alleged facts to establish diversity jurisdiction, however, he respectfully requests an extension of time to further respond to the Court's Order and order allowing him to conduct limited jurisdictional discovery.

Under Fed. R. Civ. P. 26(d)(1), Plaintiff is not permitted to propound formal discovery "before the parties have conferred as required by Rule 26(f)" unless the Court orders otherwise. Defendant has not yet entered its appearance, so no scheduling conference is currently planned.[3] Further, even after Plaintiff is able to serve discovery on Defendant concerning its members and their citizenship, Defendant would have thirty (30) days to provide its responses. Fed. R. Civ. P. 33(b)(2); 34(b)(2).

---

[2] "[R]esidence creates a presumption of domicile and—for purposes of diversity jurisdiction—domicile is synonymous with citizenship." *Heck v. Sutcliffe*, 2013 U.S. Dist. LEXIS 148697, *4 (D. Kan. Oct. 16, 2013).
[3] As noted above, Defendant was served through its registered agent, Mr. Schulte, on April 7, 2021. Accordingly, Plaintiff expects that Defendant will enter its appearance shortly.

Accordingly, Plaintiff alternatively moves the Court, pursuant to Fed. R. Civ. P. 26(d)(1), for an order allowing him to serve Defendant with limited discovery on the issue of jurisdiction *immediately* upon Defendant's entry of appearance in this matter (*i.e.,* without satisfying the "meet and confer" requirement set forth in Rule 26(f)). Specifically, Plaintiff would limit its requests for production of documents to Tour Resource's Member Agreement, Operating Agreement, and any other documents containing information regarding its members and their citizenship. Further, Plaintiff would limit its interrogatories to the name and citizenship of Defendant's members that are not otherwise identified by such documents.

With leave of the Court, Plaintiff would serve such discovery requests the same day that Defendant enters its appearance in this case. Although the Federal Rules generally allow a party 30 days to respond to written discovery, it is within the Court's power to order a shorter time period. Fed. R. Civ. P. 33(b)(2); 34 (b)(2)(a). To expedite resolution of the jurisdictional issue raised by the Court, Plaintiff respectfully requests that the Court order Defendant to respond to Plaintiff's limited discovery requests within 14 days of their receipt. Plaintiff further requests that he be given 21 days from the date that Defendant enters its appearance to file a further response to the Court's show-cause order (if, and only if, the Court deems Plaintiff's current response lacking). Plaintiff believes that 7 days would give him enough time to review Defendant's responses, meet and confer with Defendant if there were any issues, and prepare a supplemental response concerning subject matter jurisdiction.

Because no one has entered an appearance on Defendant's behalf, Plaintiff is unable to consult Defendant regarding the requested extension of time.

WHEREFORE, for all these reasons, Plaintiff respectfully submits that he has pointed to factual allegations that are sufficient to establish complete diversity between himself and Defendant at this stage of the case. If the Court disagrees, however, Plaintiff moves, in the alternative, for an Order (1) allowing him to serve Defendant with limited discovery regarding the identity and citizenship of its members as soon as Defendant enters its appearance; (2) requiring Defendant to respond to such discovery within 14 days of service; and (3) granting him an extension of time to further respond to the Court's Order within 21 days of Defendant's appearance and service of the discovery.

Dated: April 12, 2021                        Respectfully submitted,

|  | MCINNES LAW LLC<br>By: /s/ *Jack McInnes*<br>Jack D. McInnes<br>Rob Wasserman<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 347-7333<br>jack@mcinnes-law.com<br>rob@mcinnes-law.com<br><br>A. Scott Waddell<br>WADDELL LAW FIRM LLC<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (816) 914-5365<br>Facsimile: (913) 347-7333<br>scott@aswlawfirm.com<br><br>ATTORNEYS FOR PLAINTIFF |
|---|---|

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of filing to counsel of record.

                                               */s/ Jack McInnes*
                                               Jack D. McInnes