IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY DELCAVO, )
individually and on behalf of all others )
similarly situated, )
 )
                Plaintiff, )
 )
v. )   Case No. 21-2137-JWL
 )
TOUR RESOURCE CONSULTANTS, LLC, )
 )
                Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss certain claims asserted in plaintiff's amended complaint (Doc. # 29). For the reasons set forth below, the Court **denies** the motion.

### I.    **Background**

The following facts are taken from plaintiff's amended complaint. Defendant provides travel services for groups, and in 2019 a music group arranged for defendant to provide services for a June 2020 tour to Italy. Plaintiff's son was a member of the group, and in November 2019 plaintiff paid defendant $400 as an initial deposit for the trip. Plaintiff later paid defendant an additional $400 for another person planning to travel with the group. In January 2020, plaintiff received a trip itinerary that included defendant's

cancellation policy, although he did not receive that policy from defendant at that time or before he paid the deposit. In March 2020, when travel to Italy became impossible in light of the COVID-19 pandemic, defendant and the music group jointly cancelled plaintiff's booking. Defendant notified plaintiff and others that their $400 deposits would not be refunded and would serve as cancellation fees. Defendant subsequently sent plaintiff a letter in which it confirmed that it would retain plaintiff's deposit as a cancellation fee. The letter included its cancellation policy and a separate *force majeure* policy.

In March 2021, plaintiff filed this putative class action.[1] In Counts I and II of his amended complaint, plaintiff asserts common-law claims for unjust enrichment and conversion. In the alternative, plaintiff asserts a claim for breach of contract in Count III. Finally, in Count IV plaintiff asserts claims under the Kansas Consumer Protection Act (KCPA), K.S.A. §§ 50-626, -627. By the present motion, defendant seeks dismissal of the unjust enrichment, conversion, and KCPA claims.

## II.    Governing Standards

The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to

---

[1] The case was reassigned to the undersigned judge on September 20, 2021.

provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III.  Analysis

#### A.  *Choice of Law*

In seeking dismissal of the unjust enrichment and conversion claims, defendant relies on Kansas law, but defendant has not shown that those claims are governed by this state's substantive law, as neither party has addressed the choice-of-law issue in briefing the motion. The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Kansas law, tort actions are governed by the law of the state in which the tort occurred, that is, the state in which the wrong was felt. *See Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985). As this Court has ruled on multiple occasions, if the alleged wrong involves only financial harm, the claim is governed by the law of the state of the plaintiff's residence. *See, e.g.*, *Doll v. Chicago Title Ins. Co.*, 246 F.R.D. 683, 690 (D. Kan. 2007) (Lungstrum, J.). Plaintiff is a resident of Colorado; therefore, that state's substantive law governs plaintiff's conversion claim. *See id.* at 692 (applying the law of state of the plaintiff's residence to a conversion claim).

3

With respect to a claim of unjust enrichment, judges in this district have resolved the choice-of-law issue by determining the state with the most significant relationship to the occurrence and the parties in light of the factors set forth in Restatement (Second) of Conflicts § 221. *See TP ST Acquisition v. Lindsey*, 2021 WL 1750872, at *4 (D. Kan. May 4, 2021) (citing *Johnson v. Simonton Bldg. Prods., Inc.*, 2011 WL 251435, at * 4 (D. Kan. Jan. 26, 2011)). The parties have not addressed the application of this test to the present case, and the Court therefore will not resolve the issue at this time. It need not do so to rule the present motion, as the law of Kansas (where defendant is located) and the law of Colorado (where plaintiff resides) does not differ with respect to the sole issue raised by defendant with respect to the unjust enrichment claim. *See infra* Part III.B.

Finally, plaintiff asserts statutory claims under Kansas law. Defendant does not contend in the present motion that its conduct does not fall within the reach of the statute, however, and thus no choice-of-law issue presently arises with respect to the KCPA claims.

### B.  *Unjust Enrichment Claim (Count I)*

Defendant seeks dismissal of plaintiff's unjust enrichment claim based on the principle (which plaintiff does not dispute) that such a claim is prohibited if there is a valid contract between the parties that addresses the particular issue. *See Swimwear Solution, Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1037 (D. Kan. 2018) (Kansas law); *Pernick v. Computershare Trust Co., Inc.*, 136 F. Supp. 3d 1247, 1268 (D. Colo. 2015) (Colorado law); *see also Member Servs. Life Ins. Co. v. American Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997) (noting the "hornbook rule" that quasi-contractual remedies to prevent unjust enrichment "are not to be created when an

4

enforceable express contract regulates the relations of the parties with respect to the disputed issue"). Defendant concedes that a plaintiff ordinarily may plead an unjust enrichment claim in the alternative to a contract claim. Defendant argues, however, that plaintiff may not do so here because he has relied on the parties' contract to support the unjust enrichment claim pleaded in the amended complaint.

The Court rejects this argument because it is clear that plaintiff has not alleged or conceded the existence of a valid contract between him and defendant.

> A plaintiff may plead a breach of contract claim and a quantum meruit claim in the alternative if [a party] disputes the existence of a contract at issue in the lawsuit. Thus, to succeed on a motion to dismiss a quantam meruit claim, a defendant must do more than point to plaintiff's complaint and argue that plaintiff alleged a valid contract. The defendant must instead show that neither party disputes the existence of a valid contract governing the parties' conduct at issue in the quantum meruit claim.

*See United States ex rel. Western Extralite Co. v. Mohan Constr., Inc.*, 2012 WL 907088, at *3 (D. Kan. Mar. 15, 2012) (footnotes omitted). Plaintiff states explicitly in his amended complaint that he disputes the existence of a contract between the parties; therefore, plaintiff may plead his unjust enrichment (or quantum meruit) and contract claims in the alternative. *Cf. Swimwear Solution*, 309 F. Supp. 3d at 1037 (cited by defendant) (claim not permitted because neither party disputed the existence of a valid written contract); *Schlumberger Tech. Corp. v. Greenwich Metals, Inc.*, 2009 WL 5217358, at *6 (D. Kan. Dec. 30, 2009) (cited by defendant) (contract deemed established under the UCC).

The Court does not agree with defendant that plaintiff effectively conceded the existence of a contract by relying on such a contract to support his unjust enrichment claim. Rather, among other bases, plaintiff relies on defendant's *cancellation policy*, to which

defendant did not adhere, and which policy plaintiff contends did not constitute or become a part of a contract between the parties. Accordingly, the existence of a valid contract governing the issue is not undisputed, and there is no basis to prohibit plaintiff's alternative pleading at this stage. The Court thus denies defendant's motion to dismiss the unjust enrichment claim.

### C. *Conversion Claim (Count II)*

Defendant argues that plaintiff's conversion claim should be dismissed because its retention of plaintiff's deposit was not unauthorized. *See Itin v. Ungar*, 17 P.3d 129, 135 n.10 (Colo. 2000) (common-law conversion is the unauthorized assertion of ownership of another's property).[2] Specifically, defendant argues that plaintiff has relied on the parties' contract in alleging that the retention was unauthorized, but that the contract permitted that retention pursuant to the *force majeure* clause.

The Court rejects this argument for dismissal for a number of reasons. First, as discussed above, plaintiff does not concede that a contract existed between the parties, and thus a contract cannot be assumed here. Plaintiff has relied (in part) on defendant's *policy*, not on any contract, and that reference to a policy in the complaint does not constitute any admission that there was an agreement. Second, even if plaintiff had conceded the existence of a contract that included the cancellation policy, he would not necessarily have conceded that the contract also included the *force majeure* clause on which defendant

---

[2] Defendant made this argument under Kansas conversion law, which has the same element of an unauthorized assertion of ownership over another's property. *See Leathers v. Leathers*, 856 F.3d 729, 757 (10th Cir. 2017) (citing *Bomhoff v. Nelnet Loan Servs., Inc.*, 279 Kan. 415 (2005)).

relies. The particular terms of any agreement reached by the parties depend on the facts of the case, and the Court will not simply accept defendant's version of the agreement at this stage.[3] Third, even if it could be assumed that plaintiff agreed to the *force majeure* clause, the Court would hesitate to construe that clause as argued by defendant. By its terms, the clause allocates to participants losses incurred by those participants, and thus would not appear to apply to losses that defendant incurred and on which defendant relies to justify retaining deposits.[4] Finally, even if the *force majeure* clause did require participants to compensate defendant for its own losses, plaintiff has alleged that the amount of the deposits did not in fact relate to the amount of any loss incurred by defendant, and thus the amount defendant would be entitled to retain would present a question of fact for further litigation.

For these reasons, the Court denies defendant's motion to dismiss plaintiff's conversion claim.

> D. *KCPA Claims (Count IV)*

In asserting claims under the KCPA, plaintiff alleges that defendant violated K.S.A. § 50-626's prohibition against deceptive acts and practices and K.S.A. § 50-627's

---

[3] The Court will not consider the evidence submitted by defendant with its reply brief. Such evidence is not properly before the Court on a motion to dismiss; and even if the Court were inclined to consider the evidence, defendant has not also submitted evidence providing a foundation for the evidence, which does not on its face establish that plaintiff in fact agreed to any particular terms when he signed up for the trip.

[4] The Court need not and does not interpret this clause as a matter of law at this stage.

prohibition against unconscionable acts and practices. Defendant seeks dismissal of these claims on multiple grounds, which the Court addresses in turn.

    1.    Defendant first argues that plaintiff has not pleaded these claims with particularity as required by Fed. R. Civ. P. 9(b). This Court has consistently ruled that Rule 9(b) applies to the pleading of KCPA claims. *See Luttrell v. Brannon*, 2018 WL 3032993, at *11 (D. Kan. June 19, 2018) (Lungstrum, J.); *Mattos v. Eli Lilly and Co.*, 2012 WL 1893551, at *7 (D. Kan. May 23, 2012) (Lungstrum, J.); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1150 (D. Kan. 2003) (Lungstrum, J.). Plaintiff argues that the rule applies only to the extent that a KCPA claim is based on fraud or mistake, but he has not cited any authority to support that position. Thus, the Court will continue to require that a KCPA claim be pleaded with particularity pursuant to Rule 9(b), which generally requires a plaintiff to state the date, place, speaker, and contents of an alleged misrepresentation. *See Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). The Court does apply a more lenient standard for claims of fraud by omission, as the date and location of an omission can be difficult to pinpoint. *See Melnick v. TAMKO Building Prods., Inc.*, 469 F. Supp. 3d 1082, 1098 (D. Kan. 2020).

In his amended complaint, plaintiff has identified only two specific acts alleged to represent deceptive or unconscionable acts in violation of the KCPA: defendant's failure to disclose that it would retain plaintiff's deposit as a cancellation fee even if the trip was not canceled by plaintiff; and defendant's false representation after the cancellation that it could properly retain plaintiff's deposit. With respect to the alleged misrepresentation, plaintiff has pleaded specific facts concerning letters allegedly sent by defendant to

8

plaintiff, and those allegations satisfy Rule 9(b) as applied to that basis for the KCPA claims. The Court further concludes that plaintiff has satisfied the rule with respect to the alleged omission, as plaintiff has stated specific facts about defendant's communications with plaintiff while also alleging that those communications did not include a disclosure that defendant would retain plaintiff's deposit in the event of a cancellation not made by plaintiff. Accordingly, the Court denies defendant's motion for dismissal of the KCPA claim on this ground.

The Court notes that plaintiff also alleges that defendant engaged in a pattern of conduct in violation of the KCPA, but Rule 9(b) required plaintiff to plead the particular conduct alleged to constitute a pattern. Thus, in pursuing this allegation of a pattern, plaintiff may rely only on the conduct that he has pleaded with particularity, namely the one omission and one misrepresentation discussed above.

Plaintiff also argues in his brief that defendant violated the KCPA by attempting to enforce the *force majeure* clause only after the fact, without plaintiff's prior agreement to that term. Plaintiff has not made any such allegation in his amended complaint, however, and thus the Court does not consider plaintiff's claim to be based on any such alleged conduct. Plaintiff would need to seek and be granted leave to amend to add that basis or any other additional basis (including any additional conduct making up an alleged pattern of conduct) for his KCPA claim.

2.  Defendant also argues that the conduct alleged by plaintiff is not deceptive or unconscionable under the KCPA, that that conduct represents no more than an alleged breach of contract, and that plaintiff's claims are essentially implausible. The Court rejects

9

this argument. Defendant cites various cases in which defendants were deemed not to have violated the statute, but those cases were decided on their particular facts, and they were not decided at the pleading stage. The Kansas Supreme Court has made clear that whether a deceptive act in violation of the KCPA has occurred ordinarily presents a question of fact for the jury. *See Gonzalez v. Associates Fin. Serv. Co. of Kan., Inc.*, 266 Kan. 141, 165-66 (1998). Plaintiff has alleged that defendant falsely represented and failed to disclose certain material facts, and the Court must await the development and presentation of the facts of the case before it may decide whether the alleged conduct falls short of a violation as a matter of law.

Defendant also suggests that its alleged violations do not go beyond an ordinary breach of contract that may be litigated through plaintiff's contract claim. Of course, as discussed above, plaintiff alleges first and foremost that he did not enter into any contract with defendant.

Finally, defendant insists that it is "preposterous" to claim that defendant knew that a pandemic was coming and that it would retain plaintiff's deposit in that event. Defendant has mischaracterized plaintiff's claim, however. Plaintiff more broadly alleges that defendant knowingly failed to disclose that it would not return plaintiff's deposit in the event of a cancellation even if plaintiff did not cancel the trip himself. The Court cannot

conclude that such a claim is implausible, and it therefore denies defendant's motion for dismissal on this ground.[5]

3.     Defendant argues that plaintiff's claim of unconscionable acts in violation of Section 50-627 must fail because plaintiff has failed to plead facts to satisfy the requirement of unequal bargaining power between the parties. The Kansas Supreme Court has held that such a claim requires a showing of both deception and unequal bargaining power. *See Via Christi Reg. Med. Ctr., Inc. v. Reed*, 298 Kan. 503, 525 (2013). Plaintiff has alleged that defendant enjoyed a superior bargaining position because it already had tour participants' money when it imposed the cancellation fees.

Defendant argues that that allegation is not sufficient because plaintiff has failed to allege "physical or mental infirmity, illiteracy, or lack of fluency in the language used to make the sale" as the basis for his allegation of unequal bargaining power. Defendant's citation of authority in support of that argument, however, is misleading. In *Dana v. Heartland Mgmt. Co., Inc.*, 48 Kan. App. 2d 1048 (2013), the Kansas Court of Appeals stated that the necessary inequality is "often tied" to infirmity, illiteracy or lack of fluency, *see id.* at 1065; but defendant omitted the key word "often" in quoting this statement in its brief. The court of appeals did *not* hold that such disabilities represent the only way that unequal bargaining power may be established in support of a claim under Section 50-627. Plaintiff has alleged unequal bargaining power here, and whether the alleged conduct is

---

[5] For the same reason, the Court rejects defendant's argument that plaintiff's complaint fails sufficiently to allege knowing conduct by defendant. Plaintiff did allege that defendant acted knowingly, and the Court cannot conclude at this stage that such an allegation fails as a matter of law.

11

sufficient to support a violation of the statute may be determined only upon consideration of the facts. Therefore, the Court rejects this asserted basis for dismissal at this stage, and defendant's motion to dismiss is denied in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's partial motion to dismiss (Doc. # 29) is hereby **denied**.

IT IS SO ORDERED.

Dated this 29th day of September, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge