IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY DELCAVO,                          )
individually and on behalf of all others  )
similarly situated,                       )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          Case No. 21-2137-JWL
                                          )
TOUR RESOURCE CONSULTANTS, LLC,           )
                                          )
                    Defendant.            )
                                          )
_____   )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to dismiss defendant's defamation counterclaim (Doc. # 51). For the reasons set forth below, the Court **grants** the motion, and defendant's counterclaim is hereby dismissed, although defendant is granted leave to amend to state a viable counterclaim for defamation on or before **December 24, 2021**.

### I.      Governing Standards and Choice of Law

The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The

complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

As this Court has recently explained, a defamation claim need not be pleaded with particularity, and the pleading of such a claim is judged not under state-law standards but under Fed. R. Civ. P. 8(a). *See Sanders v. Ally Fin. Inc.*, 2021 WL 2550166, at *4 (D. Kan. June 22, 2021) (Lungstrum, J.). In the context of a defamation claim, Rule 8(a) "requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself." *See McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989).

In briefing this motion, the parties have assumed that either Kansas or Colorado law applies, although neither party has engaged in any analysis of the issue. The Court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Kansas law, tort actions are governed by the law of the state in which the tort occurred, that is, the state in which the wrong was felt. *See Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985). The Court has previously concluded that the law of the state of the plaintiff's residence, where the plaintiff suffered any harm, governs a defamation claim. *See Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1286 n.2 (D. Kan. 1997) (Lungstrum, J.). Because defendant

is located in Kansas, its defamation counterclaim is governed by the substantive law of Kansas. In addition, Kansas applies its own statutes of limitation. *See Garcia v. International Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004) (citing *Muzingo v. Vaught*, 18 Kan. App. 2d 823 (1993)).

### II.   <u>Analysis</u>

Plaintiff argues that defendant's counterclaim, filed on October 13, 2021, is barred by the applicable one-year statute of limitation, *see* K.S.A. § 60-514(a), because it is based on an allegedly false and defamatory report to the Better Business Bureau (BBB) that plaintiff made on March 28, 2020. In response, defendant concedes that its claim is governed by a one-year limitation period, and it offers no argument why a claim based on the BBB report would be timely. Accordingly, any such claim is hereby dismissed as time-barred.

In opposing dismissal of the counterclaim in its entirety, defendant argues that its claim is based on other defamatory statements as well, as the BBB report marked only the beginning of a "campaign of defamation." Specifically, defendant argues that within the one-year limitation period plaintiff repeated his false report (a) to family members and (b) in the present litigation. Defendant notes that he alleged in the counterclaim "[u]pon knowledge and belief" that plaintiff "has continued to perpetuate the lie" "in this lawsuit and in other contexts."

The Court concludes, however, that defendant has not stated a plausible and cognizable claim for defamation based on statements by plaintiff other than those in the

BBB report.  First, as plaintiff notes, Kansas defamation law recognizes an absolute privilege for statements made in court proceedings.  *See Byers v. Snyder*, 44 Kan. App. 2d 380, 396 (2010) (citing *Froelich v. Adair*, 213 Kan. 357, 360 (1973)).  Thus, defendant's counterclaim is also dismissed to the extent based on alleged statements by plaintiff in this litigation.

Second, although defendant does make reference in the counterclaim to statements made by plaintiff "in other contexts," it has alleged that it suffered damage only in that it was "required to expend time and money in getting the [BBB] reviews removed, rebut the continuance of this statement in this litigation, and the review resulted in damage to [defendant's] reputation."  Thus, because defendant has alleged damage resulting only from statements to the BBB (the "review") and statements in this litigation, it has not alleged a cause of action for defamation based on any other statements.  Moreover, defendant's vague reference to "other contexts" does not provide notice sufficient to allow plaintiff to defend a claim based on any other statement.  *Cf. Sanders*, 2021 WL 2550166, at *4 (defamation claim provided sufficient notice because it alleged specific statements to specific recipients).  Accordingly, the Court dismisses the counterclaim in its entirety.

Defendant has requested leave to amend to cure any pleading deficiency.  The Court would ordinarily grant such leave, and defendant may attempt to state a viable and timely claim for defamation by amending its counterclaim on or before **December 24, 2021**.  The

Court cautions defendant, however, that any such claim must include a plausible claim for actionable damages resulting from the allegedly defamatory statement.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to dismiss defendant's defamation counterclaim (Doc. # 51) is **granted**, and defendant's counterclaim is hereby dismissed, although defendant is granted leave to amend to state a viable counterclaim for defamation on or before **December 24, 2021**.

IT IS SO ORDERED.

Dated this 10th day of December, 2021, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge

---

[1] In granting such leave, the Court rejects plaintiff's alternative argument that his statements are not actionable because they were actually true. Such an argument presents an issue of fact that may not be resolved at the pleading stage.