## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY DELCAVO, | ) | |
| individually and on behalf of similarly situated | ) | |
| persons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-CV-02137 |
| | ) | |
| TOUR RESOURCE CONSULTANTS LLC,. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT

Plaintiff Anthony Delcavo, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the United States District Court, District of Kansas Practice and Procedure, hereby moves this Court for an Order compelling Defendant Tour Resources Consultants, LLC to provide additional information and documents requested in Plaintiff's first set of discovery. Plaintiff seeks information regarding those trips that were cancelled for reasons associated with the COVID-19 pandemic, including descriptions of these trips, the costs of those trips, the identity of travelers that placed deposits associated with these trips, the identity of travelers that requested refunds from Tour Resources, and the number and amount of refunds distributed as a result of the cancellation of these trips.

In support of his Motion, Plaintiff states as follows:

### I.   THE PARTIES' EFFORTS TO MEET AND CONFER

On October 14, 2020, Plaintiff served initial discovery intended to assist Plaintiff in determining the potential for class certification. (Ex. 1, 2). This discovery was limited to 14 discrete Interrogatories and 29 Requests for Production of Documents. Defendant responded to this discovery on November 15, 2021, three days before Defendant's 30(b)(6) Corporate

Representative deposition was originally scheduled to occur on November 18, 2021. (Ex. 3, 4). This deposition was rescheduled to November 24, 2021, due to counsel for Plaintiff being exposed to COVID-19. (Doc. 57). This rescheduling gave Plaintiff an opportunity to review these responses more fully prior to Defendant's corporate representative deposition. Upon reviewing these responses, Plaintiff noticed that Defendant's responses contained numerous objections that completely stonewalled Plaintiff regarding important information that might be necessary to attain certification of a class under Rule 23.

After realizing the potentially significant disagreement between the parties regarding Defendant's discovery obligations and with Defendant's corporate representative deposition looming, counsel for Plaintiff reached out to counsel for Defendant via telephone seeking clarity on Defendant's position. Counsel for Plaintiff was particularly concerned that counsel for Defendant would limit Defendant's responses during the corporate representative deposition and thus completely bar Plaintiff from gaining any information whatsoever regarding any trips planned by TRC during the relevant period other than the Bach Italy Trip. Counsel for Defendant indicated that this was not the case and that Defendant intended to answer questions regarding trips planned by TRC that were cancelled due to COVID-19 from January 2020 to the present. True to their word, Defendant gave testimony regarding the number of trips that TRC planned, the number of travelers that placed deposits for these trips, the method by which TRC distributes its cancellation policies, and the content of those policies. (Ex. 5, Schulte Dep. at 90:1-91:4, 91:17-92:6, 47:13-48:11, 73:8-21).

Plaintiff believed that this compromise could potentially obviate the need for a discovery dispute regarding Defendant's deficient discovery responses and planned on deciding whether to escalate this dispute upon receiving the transcript of Defendant's deposition testimony. On

December 15, 2021, 30 days after Plaintiff received Defendant's discovery responses, Plaintiff had yet to receive this transcript. In attempt to preserve their right to move for a motion to compel the documents that Plaintiff potentially needed for certification, Plaintiff reached out to Defendant to secure their support in moving for an extension of time of their deadline to move for a motion to compel set by Local Rule 37.2. (Ex. 6) Defendant indicated it would not oppose Plaintiff's motion, thus Plaintiff filed an unopposed motion for extension of time. This motion was denied by the Court on December 16, 2021. *See* Doc. 62.

Plaintiff sent Defendant a golden rule letter on December 17, 2021, which formally expressed to Defendant the same concerns regarding Defendant's discovery responses that were first informally expressed prior to Defendant's Corporate Representative deposition. (Ex. 7). Plaintiff then met and conferred with Defendant later that same day. During this meeting, Defendant explained to Plaintiff the reason it was withholding these documents, which Plaintiff fundamentally disagreed with. Defendant did, however, agree to supplement its responses with additional information regarding Bach's Italy Trip but withheld the documents and information that Plaintiff is seeking through this motion.

On December 18, 2021, Plaintiff received and inspected the transcript of Defendant's Corporate representative deposition. (*See* Ex. 6, Schulte Dep.) After Plaintiff's attorneys each had an opportunity to review this transcript, Plaintiff realized that it may need additional documents that it was entitled to substantiate his arguments in favor of certification more fully, including documents that were explicitly referenced within Defendant's Corporate Representative deposition.

Plaintiff received Defendant's response to Plaintiff's Golden Rule letter on December 21, 2021. (Ex. 8). Although Plaintiff was optimistic that this letter may contain some concessions

regarding the issues that Plaintiff raised with Defendant, first during their conversations prior to Defendant's Corporate Representative deposition and later in Plaintiff's Golden Rule letter, this letter reiterated the same positions expressed by Defendant during the parties' conference on December 17, 2021. After reviewing Defendant's letter and allowing some time for all counsel to observe the holidays with their families, Plaintiff reached out to Defendant to schedule a second telephone conference to further discuss this disagreement. (Ex. 9) This conference was scheduled for January 4, 2022, and, during this conference, both Plaintiff and Defendant agreed that they would need the Court's assistance to resolve this dispute. *Id.*

Plaintiff reached out to the Court on January 4, 2022, to schedule a conference in hopes of resolving this dispute with the Court's assistance. (Ex. 10). This conference was scheduled for January 11, 2022, and during this conference, the Court requested Plaintiff file this motion more fully articulating his position.

The Court, in its ruling denying Plaintiff's motion to extend its deadline to file a motion to compel, explained that "good cause exists if the moving party shows it acted diligently in attempting to resolve the particular discovery dispute at issue." Doc. 62, p. 2. This Court has explained that examining the surrounding circumstances is critical when evaluating whether a party's efforts to satisfy its meet and confer obligations were reasonable. *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 178 (D. Kan. Aug. 5, 2021) (citing *Ross v. Pentair Flow Techs., LLC*, No. 18-2631-HLT-JPO, 2020 U.S. Dist. LEXIS 125785, at *1 (D. Kan. July 7, 2020)). "This includes looking beyond the sheer quantity of contacts and examining their quality, as well." *Id*. In further articulating the standard that this Court judges a parties' efforts against, this Court explained the party seeking relief,

> must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve

the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Id*, at 178-179.

Plaintiff has been continuously engaged in good faith discussions with Defendant on this topic and has been attempting to negotiate a resolution that would obviate the need for this motion to compel, but these efforts were ultimately unsuccessful. Plaintiff discussed its need for additional evidence with Defendant three times: once prior to Defendant's Corporate Representative deposition, again during the parties meet and confer conference on December 17, 2021, and finally before asking for Court intervention on January 4, 2022. Plaintiff clearly articulated the documents he was requesting and the legal basis by which he felt he was entitled to these documents both over telephonic conference and via writing in Plaintiff's Golden Rule letter. Through this process, the parties were able to define the specific, articulable legal disputes that require judicial intervention for resolution. These issues are a) should Plaintiff's discovery be limited to the preliminary class definition originally articulated in its Amended Class Action Complaint, b) is the information sought relevant to Plaintiff's class wide claims, and c) should it be compelled to be produced in light of the relative burden it would place on Defendant to produce it. Disagreement over these legal issues has prevented the parties from coming to a resolution over this dispute

This continued effort to find a resolution to this dispute bears directly on Plaintiff's neglect in filing this motion out of time. Plaintiff did not move for this motion within its original 30-day time frame because he wanted to exhaust every available remedy to him before seeking this Court's assistance. Plaintiff was optimistic that a resolution to this problem was reached via a temporary compromise regarding Defendant's Corporate Representative deposition but, upon further inspection, Plaintiff realized this compromise was insufficient and would require supplementation.

Upon realizing the need for this supplementation, Plaintiff acted as urgently as possible in securing Court assistance. As such, good cause exists for Plaintiff to file this motion to compel outside of the time prescribed by District of Kansas Local Rule 37.1(b).

## II.  ANALYSIS

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *Stewart v. Mitchell Transp.*, 2002 U.S. Dist. LEXIS 12958, at *11 n 3 (D. Kan. July 11, 2002). "Relevance is . . . 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Reibert v. CSAA Fire & Cas. Ins. Co.*, 2018 U.S. Dist. LEXIS 860, at *7 (N.D. Okla. Jan. 3, 2018). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Stewart*, at *11.

Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Audiotext Commns. Network v. US Telecom*, 1995 U.S. LEXIS 15416 (D. Kan. Oct. 5, 1995). A party does not have to prove a prima facie case to justify a request that appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* When the discovery appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come from within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id.* The withholding party cannot rely on conclusory allegations that the request is irrelevant, but rather must specifically show how each discovery request is irrelevant. *Id.*

**a. The scope of discovery should not be limited to Plaintiff's originally proposed class definition.**

The scope of discovery in class action lawsuits prior to certification should not be limited to the first definition proposed in a plaintiff's original (or amended) complaint. It is a tenet of the class certification process that discovery is meant to help the plaintiff to further mold and refine the class definition. At the pre-certification stage, discovery is permitted that is sufficiently broad that a plaintiff has a fair and realistic opportunity to obtain evidence which will assist him in meeting the requirements of certifying a class under Rule 23. *Soseeah v. Sentry Ins.*, 2013 U.S. Dist. LEXIS 191013, 2013 WL 11327129, at *3 (D.N.M. Nov. 4, 2013) (citation omitted).

An integral part of the class certification process is the process of redefining, narrowing, and specifically tailoring the class definition to the "realities of discovery." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 2016 WL 5376325, at *9 (D.N.M. Aug. 27, 2016). The 10th Circuit has acknowledged that Rule 23(c)(1)(c) explicitly recognizes the need for judicial flexibility in a crafting a workable class definition by authorizing a court to modify the class definition any time before a final judgment. *See Carpenter v. Boeing Co*., 456 F.3d 1183, 1187 (10th Cir. 2006) (citing Fed. R. Civ. P. 23(c)(1)(C)). Because the class definition is subject to change, and because this Court will not be the court deciding what this class definition will be, "it is particularly inappropriate for this Court to limit discovery based on this Court's determination of the proper scope of a potential class." *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 459 (D. Kan. Aug. 25, 2006). Instead, it is this Court's duty to "permit the parties to give the district court all information that the district court might find relevant in making a class action determination." *Id*.

Because Plaintiff is entitled to information that will assist him in certifying a Rule 23 class and because the definition of this class is subject to alteration depending on the information that is produced in the course of discovery, this Court should *not* limit discovery based on Defendant's

subjective insistence that Plaintiff's requests fall narrowly outside of the preliminary definition set forth in Plaintiff's Amended Complaint.

> **b.  The information Plaintiff is seeking is critical to determining the identity of potential class members and whether these class members are similarly situated to members of the proposed class.**

Plaintiff is entitled to information regarding other trips that were planned to take place from January 1, 2019, to the present but cancelled because this information is facially relevant to Plaintiff's class-actions claims. Plaintiff has requested information from Defendant regarding the number of trips that were scheduled to occur from January 1, 2019, through the present but was eventually cancelled, the cost of those trips, whether refunds were issued associated with said cancellation, and the identity of travelers that planned to attend these trips. Defendant has objected to these requests on the grounds that they are overly broad and unduly burdensome because "Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23." This objection should not limit production of these documents, which are vital to defining the scope and definition of the class that Plaintiff intends to establish.

Federal courts in Kansas have held that discovery of information that would assist in defining the proposed class or in determining whether the named plaintiffs are similarly situated to members of the proposed class should be allowed to proceed, even before a class is certified under Fed. R. Civ. P. 23. *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635 (D. Kan. 2012). *Fulghum v. Embarq. Corp.*, 2009 U.S. Dist. LEXIS, 148165 *87 (D. Kan. Nov. 24, 2009). This maxim doubly true when the burden on Defendants in producing this information is low or non-existent. *See In re Bank of Am. Wage and Hour Emp't Practices Litig.*, 275 F.R.D. 534, 542 (D. Kan. 2011). In *Fulgham*, the defendants sought to block plaintiff from accessing certain documents related to the putative class until such a class was certified. *Id*. The court noted in that case that there was little

to no compelling caselaw to support that position. *Id.* As such, the court refused to limit discovery to only the individual named plaintiff and instead ordered defendant to produce documents that would be relevant to the entire class. *Id.* The information that Plaintiff seeks is clearly relevant to his claims against Defendant as Plaintiff is merely seeking the identity of individuals who may be similarly situated to Plaintiff and the amount of damages those individuals may have suffered. Defendant cannot shirk its responsibilities to participate in the discovery process simply by imposing their own narrow interpretation of the class definition onto Plaintiff's requests.

Plaintiffs have already established through deposition testimony that the burden on Defendant in producing this information would be low. Defendants have testified that producing information regarding the number of deposits collected during a certain time period as well as refunds given would be as easy as accessing their computerized accounting system. (Ex. 6, Schulte Dep. at 85:7-86:13). Defendant has further identified approximately 26 different trips during his deposition and has additionally testified as to the exact process by which it could compile information regarding the deposits collected for those trips, the identity of travelers on those trips, and the amount of refunds issued for those trips. (Ex. 6, Schulte Dep. at 95:11-98:15).

Further, although Defendant relies almost entirely on objections that Plaintiff's requests are unduly burdensome, Defendant has not done what is required to support an undue burden objection. The party asserting an undue burden objection bears the burden of justifying the objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *Linnebur v. United Tel. Ass'n*, 2011 U.S. Dist. LEXIS 124473, *15 (D. Kan. 2011). To carry this burden, the party asserting the objection should be able to show that the burden or expense that the party would suffer is unreasonable in light of the benefits to be secured from discovery. *Id.* Defendant has already revealed that the "burden" that it would experience in

compiling the documents requested would be minimal as most of the information that Plaintiff is seeking would be accessible through Defendant's computerized accounting system. Because Defendant cannot meet the burden necessary to sustain an undue burden objection and Defendants must produce the highly relevant documents and information that Plaintiff has requested.

IV.    CONCLUSION

For all these reasons, Plaintiff asks that the Court issue an order compelling Defendant to fully answer and/or respond to Plaintiff's requests for production and interrogatories. Specifically, Plaintiff requests that the Court issue an order compelling Defendant to provide documents and identifications relevant to (1) the number of trips that were scheduled to occur from January 1, 2019, through the present but was eventually cancelled, (2) the cost of those trips, (3) whether refunds were issued associated with said cancellation, and (4) the number and identity of travelers that planned to attend these trips and for any other relief the Court deems just and appropriate.

Dated:     January 14, 2022                    Respectfully submitted,

*/s/ Austin O. Jaspers*
Jack D. McInnes, (KS Bar No. 21898)
Austin O Jaspers (KS Bar No. 28313)
1900 West 75th Street, Suite 220
Prairie Village, Kansas 66208
Telephone: (913) 220-2488
Facsimile: (913) 347-7333
jack@mcinnes-law.com

A. Scott Waddell (KS #20955)
WADDELL LAW FIRM LLC
1900 West 75th Street, Suite 220
Prairie Village, Kansas 66208
Telephone: (816) 914-5365
Facsimile: (913) 347-7333
scott@aswlawfirm.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14 day of January 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendant through the Notice of Electronic Filing.

By: _/s/ Austin O. Jaspers__