EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY DELCAVO, | ) | |
| individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-2137-TC-ADM |
| | ) | |
| v. | ) | |
| | ) | |
| TOUR RESOURCE CONSULTANTS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby propounds on Defendant Tour Resource Consultants, LLC the following

requests for production under Rule 34 of the Federal Rules of Civil Procedure:

### DEFINITIONS AND INSTRUCTIONS

1.      The term "Defendant," "Tour Resource," "You," or "Your" refer Tour Resource

Consultants, LLC and all its divisions, as well as its successors, predecessors, current or former

officers, directors, members, assigns, agents, attorneys, subsidiaries, employees, contractors,

representatives, or any other person acting or purporting to act on its behalf.

2.      "Person" means an individual, corporation, partnership, limited partnership, limited

liability company or partnership, association, joint stock company, estate, legal representative,

trust, unincorporated association, government or any political subdivision or agency thereof, and

any business or legal entity, and their respective spouses, heirs, predecessors, successors,

representatives, and assignees.

3.      "Document" includes, but is not limited to: any written or graphic matter of any

kind or character, however produced or reproduced; any electronically or magnetically recorded

matter of any kind or character, however produced or reproduced; and any other matter constituting

the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, electronic mail, cards, videotape, audiotapes, film, electronic facsimile, computer storage devices or any other media. For the purposes of this definition, "matter" shall include, without limitation, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, expense reports, recordings of oral conversations, and work papers, and shall also include, without limitation, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as the preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying, or preparatory material, which are in your possession, custody, or control or in the possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf.

4.      Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests. Documents gathered from hard-copy documents shall be provided in single page tagged image file format ("TIFF").  Document-level OCR text files should be provided for hard copy documents. ESI shall be produced in native format only or native format linked to TIFF.

5.      With respect to any emails produced, also produce all attachments to the emails and all other email messages in the email chain (any previous email message(s) to which the produced

email message replied and any subsequent email message(s) replying to the produced email message).

6.      If you withhold any responsive documents based on a claim of privilege, please provide a log that sets forth a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, dates involved, the subject matter of the privileged material, any documents or information supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or information involved.  If you assert the attorney work-product doctrine, you must also identify the litigation for which the work-product was prepared.

## REQUESTS FOR PRODUCTION

**Request No. 1:**   All documents or communications (other than attorney-client communication) including text messages, instant messages, emails, written memorandum, or other physical or electronic communication sent internally between any of Tour Resources owners, executives, employees, or agents referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 2:**  All communications sent to prospective travelers or customers of Tour Resource that had placed a deposit with Tour Resource, including text messages, emails, written memorandum, or other physical or electronic communication (written, recorded, or otherwise maintained) referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**Request No. 3:**  All communications received from prospective travelers or customers of Tour Resource that had placed a deposit with Tour Resource, including text messages, emails, written memorandum, or other physical or electronic communication (written, recorded, or otherwise maintained) that reflect a desire or intention to cancel their reservation on a trip that was planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

      **RESPONSE:**

**Request No. 4:**  All receipts or records of deposits collected from prospective travelers or customers of Tour Resource for the purpose of securing a place on a trip planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

      **RESPONSE:**

**Request No. 5:** All receipts or records of refunds or other payments issued to prospective travelers or customers provided as compensation to those prospective travelers or customers in connection with the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

      **RESPONSE:**

**Request No. 6:**   Any and all signed agreements between Tour Resource and any prospective travelers or customers of Tour Resource that had placed deposits to reserve their place

on trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 7:**   Any and all documents (other than attorney-client communication) distributed to prospective travelers or customers of Tour Resource reflecting a cancellation policy that was in effect that might have any applicability to trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 8:**   All communications with vendors, hotels, restaurants, entertainment venues, or other parties that were engaged to provide services to prospective travelers or customers of Tour Resources including text messages, emails, written memorandum, or other physical or electronic communication with third parties referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 9:**   Any and all documents (other than attorney-client communication) reflecting communications to or from Tour Resource and any government agency (including any consumer protection agency or attorney general's office) regarding any complaints or investigations concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 10:**  Any and all documents (other than attorney-client communication) reflecting a communication to or from Tour Resource and any government agency (including any consumer protection agency or attorney general's office) regarding any complaints or investigations concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 11:**  The minutes and records of any meetings or other internal documents that demonstrate discussions regarding the consequences or feasibility of Tour Resource cancelling or postponing trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 12:**  Any lawsuits and arbitrations filed by any consumer against Tour Resource concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 13:**  All documents that Tour Resource intends to rely on in support of any affirmative defenses asserted in its Answer.

**RESPONSE:**

EXHIBIT 1

**Request No. 14:** Documents representing the totality of the losses incurred by Tour Resource associated with cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 15:**   All communications with vendors, hotels, restaurants, entertainment venues, including text messages, emails, written memorandum, or other physical or electronic communication with third parties referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**


**Request No. 16:** Produce any documents identified by, referenced in, or reviewed as part of responding to Plaintiff's Interrogatories.

**RESPONSE:**


**Request No. 17:** Produce any documents that you believe supports Defendant's alleged damages to Defendant's counterclaims.

**RESPONSE:**


**Request No. 18:** Produce any documents and communications between Defendant and/or it's agents and employees the Better Business Bureau from January 1, 2020 until now.

**RESPONSE:**

EXHIBIT 1

**Request No. 19:** Produce your tax returns from January 1, 2016 until now.

**RESPONSE:**

**Request No. 20:** Produce all of your bank statements from January 1, 2019 until now.

**RESPONSE:**

**Request No. 21:** Produce any Paycheck Protection Program applications submitted by Defendant.

**RESPONSE:**

**Request No. 22:** Produce any documents related to loans obtained by Defendant related to the Paycheck Protection Program.

**RESPONSE:**

**Request No. 23:** Produce any payments made by Defendant related to loans obtained by Defendant related to the Paycheck Protection Program.

**RESPONSE:**

**Request No. 24:** Produce all communications between Defendant and its agents and/or employees and representatives/employees and/or agents of the Bach Festival Society of Winter Park.

**RESPONSE:**

**Request No. 25:** Produce all communications between Defendant and its agents and/or employees and any person or entity that had a trip cancelled for any reason after January 1, 2020 to the present.

**RESPONSE:**

**Request No. 26:** Produce all documents evidencing the alleged "significant time and resources" expended by Defendant and its agents and/or employees to get the alleged false report taken down by the BBB.

**RESPONSE:**

**Request No. 27:** Produce all documents or communications evidencing requests for refunds or communications in general by consumers to Defendant for trips cancelled since January 1, 2020.

**RESPONSE:**

**Request No. 28:** Produce all documents or communications evidencing payments and/or amounts expended by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today that Defendant has yet to obtain a refund for.

**RESPONSE:**

EXHIBIT 1

**Request No. 29:** Produce all documents or communications evidencing payments and/or amounts expended by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today that Defendant has yet to obtain a refund for.

**RESPONSE:**

Dated: October 14, 2021                                 Respectfully submitted,

|  | MCINNES LAW LLC<br>By: */s/ Jack McInnes*<br>Jack D. McInnes (MO #56904)<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 347-7333<br>jack@mcinnes-law.com<br><br>A. Scott Waddell (MO #53900)<br>WADDELL LAW FIRM LLC<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (816) 914-5365<br>Facsimile: (913) 347-7333<br>scott@aswlawfirm.com<br><br>ATTORNEYS FOR PLAINTIFF |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2020, a true and correct copy of the foregoing document was e-mailed to counsel for Defendant.

By: */s/ A. Scott Waddell*