**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANTHONY DELCAVO, <br> individually and on behalf of <br> all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOUR RESOURCE CONSULTANTS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 21-2137-TC-ADM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Tour Resource ("Defendant" or "Tour Resource") hereby answers Plaintiff Anthony Delcavo's First Requests for Production of Documents to Defendant pursuant to Fed. R. Civ. P. 34, setting forth verbatim Plaintiff's Requests followed by Defendant's answers.

Defendant makes these answers subject to, and without waiving or intending to waive but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's First Requests. Defendant also states that discovery is ongoing, and that it may and shall timely supplement these responses as new information becomes available.

**OBJECTION TO DEFENDANT'S INSTRUCTIONS**

Defendant objects to Plaintiff's Instructions to the extent that they impose any obligations beyond what is required by Rule 34 and the Federal Rules of Civil Procedure generally. To the extent that any terms defined in Plaintiff's Instructions are defined differently than as the same terms are defined under the Federal Rules, Defendant will understand such terms as defined under the Federal Rules.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents or communications (other than attorney-client communication) including text messages, instant messages, emails, written memorandum, or other physical or electronic communication sent internally between any of Tour Resources owners, executives, employees, or agents referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all documents and communications**" that have were sent in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all responsive documents or communications referencing or regarding the Italy Trip.

**Request No. 2:** All communications sent to prospective travelers or customers of Tour Resource that had placed a deposit with Tour Resource, including text messages, emails, written memorandum, or other physical or electronic communication (written, recorded, or otherwise maintained) referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** communications" that have were sent in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all responsive communications sent to Plaintiff regarding the Italy Trip.

**Request No. 3:** All communications received from prospective travelers or customers of Tour Resource that had placed a deposit with Tour Resource, including text messages, emails, written memorandum, or other physical or electronic communication (written, recorded, or otherwise maintained) that reflect a desire or intention to cancel their reservation on a trip that was planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** communications" that have were received in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested communications received from Plaintiff relating to the Italy Trip.

**Request No. 4:** All receipts or records of deposits collected from prospective travelers or customers of Tour Resource for the purpose of securing a place on a trip planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** receipts" that have were received in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the

narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested records of deposits collected from Plaintiff.

**Request No. 5:**   All receipts or records of refunds or other payments issued to prospective travelers or customers provided as compensation to those prospective travelers or customers in connection with the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** receipts or records" that have were issued in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take

place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested records of refunds or other payments issued to Plaintiff.

**Request No. 6:**     Any and all signed agreements between Tour Resource and any prospective travelers or customers of Tour Resource that had placed deposits to reserve their place on trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**Any and all** signed agreements" that have were inked in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested agreements between Tour Resource and Plaintiff.

**Request No. 7:** Any and all documents (other than attorney-client communication) distributed to prospective travelers or customers of Tour Resource reflecting a cancellation policy that was in effect that might have any applicability to trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**Any and all** documents" that have were sent in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under

Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested agreements between Tour Resource and Plaintiff.

**Request No. 8:** All communications with vendors, hotels, restaurants, entertainment venues, or other parties that were engaged to provide services to prospective travelers or customers of Tour Resources including text messages, emails, written memorandum, or other physical or electronic communication with third parties referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** communications" that have were made in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so.

As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested communications referencing or regarding services that were to be provided to Plaintiff on the Italy Trip.

**Request No. 9:** Any and all documents (other than attorney-client communication) reflecting communications to or from Tour Resource and any government agency (including any consumer protection agency or attorney general's office) regarding any complaints or investigations concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**Any and all documents** . . . reflecting communications**"** that have were made in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested documents reflecting communications concerning the Italy trip.

**Request No. 10:** Any and all documents (other than attorney-client communication) reflecting a communication to or from Tour Resource and any government agency (including any consumer protection agency or attorney general's office) regarding any complaints or

investigations concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**Any and all documents** . . . reflecting communication[s]" that have were made in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested documents reflecting communications concerning the Italy trip.

**Request No. 11:**   The minutes and records of any meetings or other internal documents that demonstrate discussions regarding the consequences or feasibility of Tour Resource cancelling or postponing trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for minutes and records that have were made in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take

place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested minutes, records, or other internal documents regarding the Italy Trip.

**Request No. 12:** Any lawsuits and arbitrations filed by any consumer against Tour Resource concerning cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**Any** lawsuits" that have were initiated in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Additionally, Tour Resource states that it has no responsive documents, other than those related to the instant lawsuit.

**Request No. 13:** All documents that Tour Resource intends to rely on in support of any affirmative defenses asserted in its Answer.

**RESPONSE:** Tour Resource will produce responsive, non-privileged documents as they are maintained by Tour Resource in the usual course of business and remain reasonably accessible.

**Request No. 14:** Documents representing the totality of the losses incurred by Tour Resource associated with cancelled trips that were planned or facilitated by Tour Resource that were scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for documents reflecting all losses suffered in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested documents representing the totality of losses incurred as a result of the Italy Trip.

**Request No. 15:** All communications with vendors, hotels, restaurants, entertainment venues, including text messages, emails, written memorandum, or other physical or electronic communication with third parties referencing or regarding the cancellation of trips planned or facilitated by Tour Resource scheduled to occur between January 2020 until the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**All** communications" that have were made in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take

Case 2:21-cv-02137-JWL   Document 74-3   Filed 01/14/22   Page 13 of 19

EXHIBIT 3

place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested communications referencing or regarding the cancellation of the Italy Trip.

**Request No. 16:** Produce any documents identified by, referenced in, or reviewed as part of responding to Plaintiff's Interrogatories.

**RESPONSE:** Tour Resource will produce responsive, non-privileged documents as they are maintained by Tour Resource in the usual course of business and remain reasonably accessible.

**Request No. 17:** Produce any documents that you believe supports Defendant's alleged damages to Defendant's counterclaims.

**RESPONSE:** Tour Resource will produce responsive, non-privileged documents as they are maintained by Tour Resource in the usual course of business and remain reasonably accessible.

**Request No. 18:** Produce any documents and communications between Defendant and/or its agents and employees the Better Business Bureau from January 1, 2020 until now.

**RESPONSE:** Tour Resource will produce responsive, non-privileged documents as they are maintained by Tour Resource in the usual course of business and remain reasonably accessible.

**Request No. 19:** Produce your tax returns from January 1, 2016 until now.
**RESPONSE:**
**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. Tour Resource's tax returns could only possibly be relevant to either (a) determine what losses it suffered or (b) to determine if a judgment could be collected from Tour Resource. Tax returns going back 5 years are not useful or relevant for either purpose.

Accordingly, Tour Resource will produce its tax returns for the years 2019 and 2020.

**Request No. 20:** Produce all of your bank statements from January 1, 2019 until now.

**RESPONSE:**

**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. Tour Resource's bank statements could only potentially be relevant to assessing its losses as a result of the Italy Trip, no part of which was planned or cancelled during 2019.

Accordingly, Tour Resource will produce its bank statements from January 1, 2020, until now.

**Request No. 21:** Produce any Paycheck Protection Program applications submitted by Defendant.

**RESPONSE:**

**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. Tour Resource's PPP documents are irrelevant to the instant dispute, and, to the extent that this request seeks any arguably relevant financial information, such information can just as easily be gleaned from the documents produced in response to requests 19 & 20.

**Request No. 22:** Produce any documents related to loans obtained by Defendant related to the Paycheck Protection Program.

**RESPONSE:**

**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. Tour Resource's PPP documents are irrelevant to the instant dispute, and, to the extent that this request seeks any arguably relevant financial information, such information can just as easily be gleaned from the documents produced in response to requests 19 & 20.

**Request No. 23:** Produce any payments made by Defendant related to loans obtained by Defendant related to the Paycheck Protection Program.

**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. Tour Resource's PPP documents are irrelevant to the instant dispute, and, to the extent that this request seeks any arguably relevant financial information, such information can just as easily be gleaned from the documents produced in response to requests 19 & 20.

**Request No. 24:** Produce all communications between Defendant and its agents and/or employees and representatives/employees and/or agents of the Bach Festival Society of Winter Park.

**RESPONSE:**

**OBJECTION:** This request is overbroad, seeks irrelevant information, and is unduly burdensome. This request is unlimited in time and content, and thereby would return countless irrelevant communications concerning neither the Italy Trip nor any other travel plan.

Accordingly, Tour Resource will produce all communications between it and Bach relating to the Italy Trip.

**Request No. 25:** Produce all communications between Defendant and its agents and/or employees and any person or entity that had a trip cancelled for any reason after January 1, 2020 to the present.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** communications" that have were made in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take

place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested communications regarding the Italy Trip from Plaintiff.

**Request No. 26:** Produce all documents evidencing the alleged "significant time and resources" expended by Defendant and its agents and/or employees to get the alleged false report taken down by the BBB.

**RESPONSE:** Tour Resource will produce responsive, non-privileged documents as they are maintained by Tour Resource in the usual course of business and remain reasonably accessible.

**Request No. 27:** Produce all documents or communications evidencing requests for refunds or communications in general by consumers to Defendant for trips cancelled since January 1, 2020.

**RESPONSE:**
**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** documents or communications" that have were made in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation

of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Tour Resource also objects to Plaintiff's request for information regarding travelers other than himself as overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource will produce all requested communications and documents evidencing such requests by Plaintiff regarding the Italy Trip.

**Request No. 28:** Produce all documents or communications evidencing payments and/or amounts expended by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today that Defendant has yet to obtain a refund for.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** documents or communications" that have were made in a 22-month time period having anything to do with cancellation of any trip. Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation. Thus, this

Case 2:21-cv-02137-JWL   Document 74-3   Filed 01/14/22   Page 18 of 19

EXHIBIT 3

request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested communications and documents regarding the Italy Trip.

**Request No. 29:** Produce all documents or communications evidencing payments and/or amounts expended by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today that Defendant has yet to obtain a refund for.

**RESPONSE:**

**OBJECTION:** This request is overbroad and unduly burdensome on its face as it asks for "**all** documents or communications" that have were made in a 22-month time period having anything to do with cancellation of any trip.  Moreover, this request seeks irrelevant material that is not tailored to the narrow allegations at issue in the Complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June of 2020. Tour Resources planned other trips that were scheduled to take place after January 2020 that have no relationship to this litigation.  Thus, this request is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource will produce all requested communications and documents regarding the Italy Trip.

Respectfully submitted,

SPENCER FANE LLP

*/s/ Duvel Pierre*

| | |
|---|---|
| Bryant Lamer, | KS # 22722 |
| Patrick McAndrews | KS # 24721 |
| Duvel Pierre, | KDC # 78967 |
| 1000 Walnut, Suite 1400 | |
| Kansas City, MO 64106 | |
| (816) 474-8100 | |

(816) 474-3216 Fax
blamer@spencerfane.com
pmcandrews@spencerfane.com
djpierre@spencerfane.com
**ATTORNEYS FOR DEFENDANT**
**TOUR RESOURCE CONSULTANTS, LLC**.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 15th day of November, 2021, a true and correct copy of the foregoing was sent via electronic mail to:

| | |
|---|---|
| MCINNES LAW LLC | A. Scott Waddell |
| Jack D. McInnes | WADDELL LAW FIRM LLC |
| 1900 West 75th Street, Suite 220 | 1900 West 75th Street, Suite 220 |
| Prairie Village, Kansas 66208 | Prairie Village, Kansas 66208 |
| jack@mcinnes-law.com | scott@aswlawfirm.com |

*/s/ Duvel Pierre*
**Attorney for Defendant**
**Tour Resource Consultants, LLC**