**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANTHONY DELCAVO, | ) | |
| individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-2137-TC-ADM |
| | ) | |
| v. | ) | |
| | ) | |
| TOUR RESOURCE CONSULTANTS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES TO DEFENDANT**

Defendant Tour Resource ("Defendant" or "Tour Resource") hereby answers Plaintiff Anthony Delcavo's First Interrogatories to Defendant pursuant to Fed. R. Civ. P. 33, setting forth verbatim Plaintiff's interrogatories followed by Defendant's answers.

Defendant makes these answers subject to, and without waiving or intending to waive but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's First Interrogatories. Defendant also states that discovery is ongoing, and that it may and shall timely supplement these responses as new information becomes available.

**OBJECTION TO DEFENDANT'S INSTRUCTIONS**

Defendant objects to Plaintiff's Instructions to the extent that they impose any obligations beyond what is required by Rule 33 and the Federal Rules of Civil Procedure generally. To the extent that any terms defined in Plaintiff's Instructions are defined differently than as the same terms are defined under the Federal Rules, Defendant will understand such terms as defined under the Federal Rules.

EXHIBIT 4

## INTERROGATORIES

**1.**     Identify the persons who provided information to answer any of the following interrogatories, their titles, and the questions they provided information for.

**ANSWER:**   These answers were prepared by counsel, with information and review by Maury Schulte, owner and principal operator of Tour Resource, who may be contacted through Defendant's counsel.

**2.**     Identify each trip that was planned or facilitated by Tour Resource that was scheduled to occur between January 2020 until the present but was eventually cancelled and the cost of said trip.

**ANSWER:     OBJECTION**: This interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses raised in this litigation. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur on June 2020. Tour Resources planned other trips after January 2020 that have no relationship to this litigation.  Thus, this interrogatory is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case. To the extent this interrogatory seeks the total cost of the Italy Trip, Tour Resources states that the total cost of the Italy Trip was €22.068.00 ($25,378.00 USD)

**3.**     Identify and provide contact information for all persons who had placed deposits to attend a trip that was planned or facilitated by Tour Resource that was scheduled to occur between January 2020 until the present but was eventually cancelled and the amount of said deposit.

**ANSWER:     OBJECTION**: This interrogatory is overly broad and unduly burdensome on its face due to its request for "all persons" who placed a deposit with Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover,

this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

      **4.**      Identify each person that has received a refund or compensation associated with the cancellation of a trip that was planned or facilitated by Tour Resource that was scheduled to occur between January 2020 until the present but was eventually cancelled and for each refund issued, please identify the amount that was refunded and the reason that refund was issued.

      **ANSWER:**    <u>OBJECTION</u>**:** This interrogatory is vague and ambiguous. Tour Resource additionally objects that this interrogatory is overly broad and unduly burdensome on its face due to its request for information pertaining to every single trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case. Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

**5.**     Identify each person that requested a refund or compensation associated with the cancellation of a trip that was planned or facilitated by Tour Resource that was scheduled to occur between January 2020 until the present but was eventually cancelled and for each person who requested such a refund please identify whether that request was granted in full, whether the request was granted in part, how much was refunded, or, if no refund was issued, whether the request was denied and the reason such request was denied.

**ANSWER:**     **OBJECTION:** Tour Resource objects that this interrogatory is overly broad and unduly burdensome on its face due to its request for information pertaining to every single trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

**6.**     For each trip planned or facilitated by Tour Resource that was scheduled to occur but was cancelled from January 2020 to the present, describe the timeline by which documents or communications were to be distributed to prospective travelers or customers of Tour Resource that had placed a deposit with Tour Resource regarding important information concerning those travelers' trips and identify those documents that were sent to those travelers.

**ANSWER:**     **OBJECTION:** Tour Resource objects that this interrogatory is overly broad and unduly burdensome on its face due to its request for information pertaining to every

single trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint- Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Pursuant to Fed. R. Civ. P. 33(d), Tour Resource states that that the contents of each such document or communication pertaining to Plaintiff and the Italy Trip may be determined by examining the documents produced in response to Plaintiff's First Request for Production of Documents.

**7.** Identify the person who communicated, on behalf of Tour Resource, to vendors, hotels, restaurants, entertainment venues, or other parties that were engaged to provide services to prospective travelers or customers of Tour Resource that Tour Resource no longer scheduled to proceed with trips scheduled to occur between January 2020 until the present.

**ANSWER:** **OBJECTION:** This interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses raised in this litigation. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur on June 2020. Tour Resources planned other trips after January 2020 that have no relationship to this litigation.  Thus, this interrogatory is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case..

Subject to, and without waiving this objection, Tour Resource states that Maury Schulte communicated on behalf of Tour Resource with vendors, restaurants, entertainment venues and other parties that were engaged to provide services to Plaintiff on the Italy Trip.

**8.**      Identify each policy or term in an agreement that you believe would have any affect or control over whether deposits were refunded to a prospective traveler or prospective customer associated with a trip that was planned or facilitated by Tour Resource that was scheduled to occur between January 2020 until the present and identify the documents that these policy or terms could be found in.

**ANSWER:**      **OBJECTION:** Tour Resource objects that this interrogatory is overly broad and unduly burdensome on its face due to its request for information pertaining to every single trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Accordingly, Tour Resource states that the *force majeure* provision in Plaintiff's contract with Tour Resource would control whether he was entitled to have his deposit returned.

**9.**      Provide an accounting and/or identify all profits, losses, refunds and expenditures experienced or incurred by Tour Resource as a result of cancellations of trips planned or facilitated

by Tour Resource that were scheduled to occur between January 1, 2020 until the present but was eventually cancelled and identify the documents that you believe reflect these losses.

**ANSWER:** __OBJECTION:__ This interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses raised in this litigation. This interrogatory is not limited to the Italy Trip at issue in this case. Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur on June 2020. Tour Resources planned other trips after January 2020 that have no relationship to this litigation. Thus, this interrogatory is not limited to information relevant to any claim or defense, and is not proportional to the needs of the case.

Accordingly, Tour Resource refers Plaintiff to its response to Interrogatory No. 2 for an accounting of losses related to the Italy Trip.

**10.**     If you alleged that anyone else is responsible for the claims asserted against Defendant in this case, identify the person or company you allege is responsible and describe the factual basis for your allegation.

**ANSWER:**     Tour Resource states that the Bach Festival Society of Winter Park is responsible for the cancellation of the trip, as they independently made the decision to cancel their performances in response to COVID-19, and then informed Tour Resource of the same.

**11.**     Identify with specificity the significant time and resources Defendant undertook to get the alleged false report by Plaintiff taken down by the BBB.

**ANSWER:**     Tour Resource was required to contact BBB on numerous instances and provide proof to BBB in order to get the report taken down.

**12.**     Identify all amounts retained by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today.

**ANSWER:**   **OBJECTION:** This interrogatory is overly broad and unduly burdensome on its face due to its request for "all amounts" relating to any trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

Subject to, and without waiving this objection, Tour Resource states that it retained the $400 deposit paid by Plaintiff for the Italy Trip.

**13.**   Identify all customers and/or human beings that paid Defendant any amount and had a trip that ended up being subsequently cancelled or postponed from January 1, 2020 until today.

**ANSWER:**   **OBJECTION:** This interrogatory is overly broad and unduly burdensome on its face due to its request for identification "all customers" of any trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case. Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the

required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

      14.     Identify all payments and/or amounts expended by Defendant for trips that ended up being subsequently cancelled or postponed from January 1, 2020 until today that Defendant has yet to obtain a refund for.

      **ANSWER:**     <u>**OBJECTION:**</u> This interrogatory is overly broad and unduly burdensome on its face due to its request for "all payments" relating to any trip planned by Tour Resource over a 22 month period. This interrogatory is not limited to the Italy Trip at issue in this case.  Moreover, this interrogatory is not tailored to the narrow allegations at issue in the complaint: Defendant's planning and facilitation of the Italy Trip scheduled to occur in June 2020. Tour Resource also objects that this request is overbroad, unduly burdensome, and premature, as it seeks information pertaining to other travelers than Plaintiff. Plaintiff's lawsuit has not yet been certified as a class action under Fed. R. Civ. P. 23, and Plaintiff has not yet even attempted to make the required showing to do so. As a result, Tour Resource will not produce information pertaining to travelers other than Plaintiff at this stage of litigation.

      Accordingly, Tour Resource states that it made the following payments, which it has not been reimbursed for, in pursuit of the Italy Trip:

- Hotel Donatello in Florence - €7,110.00

- Dianna Mastacchini – Tour Operator in Palermo - €1,350.00

- Conceptio Vienna – Music Venue - €11,808.00

- Daniel Kravina – Escort Services - €1,800.00

Respectfully submitted,

SPENCER FANE LLP

/s/ Duvel Pierre

| Bryant Lamer, | KS # 22722 |
| Patrick McAndrews | KS # 24721 |
| Duvel Pierre, | KDC # 78967 |

1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 Fax
blamer@spencerfane.com
pmcandrews@spencerfane.com
djpierre@spencerfane.com
**ATTORNEYS FOR DEFENDANT**
**TOUR RESOURCE CONSULTANTS, LLC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 15th day of November, 2021, a true and correct copy of the foregoing was sent via electronic mail to:

| MCINNES LAW LLC | A. Scott Waddell |
| Jack D. McInnes | WADDELL LAW FIRM LLC |
| 1900 West 75th Street, Suite 220 | 1900 West 75th Street, Suite 220 |
| Prairie Village, Kansas 66208 | Prairie Village, Kansas 66208 |
| jack@mcinnes-law.com | scott@aswlawfirm.com c |

/s/ Duvel Pierre
**Attorney for Defendant**
**Tour Resource Consultants, LLC**