EXHIBIT 7

December 17, 2021

**VIA EMAIL**
Bryant Lamer
Patrick McAndrews
Duvel Pierre
1000 Walnut, Suite 1400
Kansas City, MO
blamer@spencerfane.com
pmcandrews@spencerfane.com
djpierre@spencerfane.com

Bryant, Patrick, and DJ,

We are in receipt of the discovery you propounded on November 15, 2021. In reviewing Defendant's discovery responses to Plaintiff's Second Set of Requests for Production and Second Set of Interrogatories, I noticed some glaring deficiencies that must be addressed. Namely, Defendant refused to produce documents and information beyond the Italy trip, and sometimes limited their responses to only Plaintiff. This is improper, defies the Scheduling Order for bifurcated discovery in this case, and violates well-settled law allowing for class-wide discovery prior to certification. Please consider this to be Plaintiff's "Golden Rule" letter, which I am sending as a good faith attempt to resolve these issues.

### **Issues With Defendant's Responses to Plaintiff's Requests for Production**

**Request No. 1:** Plaintiff asked for all documents or communications regarding the cancellation of trips planned or facilitated by Tour Resource scheduled from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

 1900 West 75th Street, Suite 220
Prairie Village, KS 66208

T: 913-220-2488
F: 913-273-1671

 jack@mcinnes-law.com

**Request No. 2:** Plaintiff asked for all communications sent to travelers or customers that placed a deposit with Defendant regarding the cancellation of trips from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 3:** Plaintiff asks for all communications from travelers that reflect a desire to cancel their reservations from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 4:** Plaintiff asks for all receipts or records of deposits collected from Defendant's customers from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 5:** Plaintiff asks for all receipts or records or refunds issued to travelers whose trips were cancelled. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 6:** Plaintiff asks for all signed agreements between Defendant and prospective travelers who paid their deposits for trips between January 2020 and the present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 7:** Plaintiff requests documents distributed to travelers reflecting a cancellation policy for trips that were scheduled to occur between January 2020 and the present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 8:** Plaintiff asks for communications with vendors that were engaged to provide services to travelers regarding cancellation of trips from January 2020 to the present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 9:** Plaintiff asks for communications between Defendant and any government agency regarding complaints or investigations regarding cancelled trips from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

**Request No. 11:** Plaintiff asks for the minutes and records of any meetings regarding Defendant cancelling trips from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic.

The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

**Request No. 12:** Plaintiff asked for all lawsuits and arbitrations filed by any consumer against Defendant regarding cancelled trips from January 2020 to present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

**Request No. 14:** Plaintiff asked for documents representing the totality of losses incurred by Defendant regarding cancelled trips between January 2020 to the present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

**Request No. 15:** Plaintiff asked for documents regarding communications with vendors regarding cancellation of trips between January 2020 and the present. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement the documents responsive to this request beyond the Italy trip.

**Request No. 25:** Plaintiff asks for all communications between Defendant and persons that had a trip cancelled from January 1, 2020 to the present. Defendant objected and refused to provide any documents beyond the Italy trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 27:** Plaintiff asks for documents and communications evidencing requests for refunds by consumers since January 1, 2020. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of

bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

**Request No. 28:** Plaintiff asks for documents or communications evidencing payments expended by Defendants for trips that ended up being cancelled or postponed that Defendant was not refunded for. Defendant objected and refused to provide any documents beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objections and supplement the documents responsive to this request beyond Plaintiff and the Italy trip.

## ISSUES WITH DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

**Interrogatory No. 2:** Plaintiff asked for identification of trips that were planned by Defendant to occur after January 2020 but was eventually canceled and the price of the trip. Defendant objected and refused to provide any information beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own

cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 3:** Plaintiff asked for the contact information for persons who placed deposits to attend a trip planned by or facilitated by Defendant that was scheduled between January 2020 and the present, but was eventually cancelled. Plaintiff also sought the amount of those deposits. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 4:** Plaintiff asked for identifications of people who received a refund of a trip from Defendant between January 2020 and the present for cancelled trips. Plaintiff also sought the amount of those deposits. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their

motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 5:** Plaintiff asked for identification of people who requested a refund from Defendant and whether that refund was granted or not and the reasons for the same. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 6:** Plaintiff asked for a timeline as to when travelers would receive certain communications and documents concerning their trips. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would

need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 7:** Plaintiff asked for identification of the person who communicated to vendors about cancellations. Defendant objected and refused to provide any information beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 8:** Plaintiff asked for identification of the policy or terms that would have any affect on whether deposits were refunded to travelers. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 9:** Plaintiff asked for an accounting of profits, losses, refunds, and expenditures experienced by Defendant as a result of cancellations. Defendant objected and refused to provide any information beyond the Italy Trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time (Doc. 46). The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to those who were scheduled for the Italy trip; it extends to all cancelled trips. Your contention that "other trips. . . have no relationship to this litigation" is simply incorrect. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 11:** Plaintiff asked Defendant to identify with specificity the time and resources Defendant undertook to get the BBB review taken down. Defendant made no attempt to identify the time and resources with any specificity. Please update your answer to this interrogatory to reflect the requested specificity.

**Interrogatory No. 12:** Plaintiff asked for identification of all amounts retained by Defendant for trips that ended up being cancelled after January 1, 2020. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies

the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 13:** Plaintiff asks for identification of all customers that had their trip cancelled or postponed from January 1, 2020 to present. Defendant objected and refused to provide any identifications beyond Plaintiff. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

**Interrogatory No. 14:** Plaintiff asked for identification of all payments by Defendant for trips that ended up being cancelled after January 1, 202 that Defendant has not been refunded for. Defendant objected and refused to provide any identifications beyond Plaintiff and the Italy trip. This objection is misplaced. Plaintiff has filed a class action lawsuit against Defendant alleging that Defendant breached its own cancellation policy with regard to each and every trip that it cancelled on behalf of its customers due to the COVID-19 pandemic. The Scheduling Order specifically contemplated class discovery during this time. The purpose of bifurcated discovery is "to provide Plaintiff[] an opportunity to obtain the information they would need to support their motion for class certification. *Sanchez v. Williams*, 2018 U.S. Dist. LEXIS 92963, at *5 (D.N.M. June 1, 2018); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012) (allowing pre-certification discovery should pertain to the requirements of Rule 23, including "names and contact information for the putative class members.") Plaintiff's class is not limited to himself or only those who were scheduled for the Italy trip; it extends beyond Plaintiff and the Italy trip to all cancelled trips and all travelers who were scheduled to attend them.

You further object that because Plaintiff's lawsuit has not yet been certified as a class action, Defendant will not produce information pertaining to travelers beyond Plaintiff. Again, this defies

EXHIBIT 7

the purpose of class certification discovery. Defendant is essentially asking Plaintiff to move for class certification without any information as to the class itself; however, it is well settled that class discovery predates a class certification motion. Please withdraw your objection and supplement your answer to this interrogatory.

We look forward to discussing this with you further. Plaintiff hopes to resolve these issues without Court intervention. To that end, Plaintiff expends a supplemental production and supplemental answers to his interrogatories by the discovery deadline in this case, January 4, 2021.

Thank you for your prompt attention to these issues.

Sincerely,

Jack McInnes