

DJ PIERRE                                                        File No. 5501893.0001
Direct Dial: (816) 292-8251
dpjpierre@spencerfane.com


December 21, 2021


**VIA ELECTRONIC MAIL**

Jack McInnes
1900 W. 75th Street, Suite 220
Prairie Village, KS 66208
jack@mcinnes-law.com

**Re:   Delcavo v. Tour Resource Consultants, LLC
        Case No. 21-2137-TC-ADM**

Dear Jack,

Thank you for the golden rule letter you sent to me on December 17, 2021 and for our follow-up conversation later that afternoon.  Let me address the two points in your letter regarding Interrogatory No. 11 and then all responses in which Tour Resource Consultants, LLC ("Tour Resource") asserted objections related to discovery beyond the Italy Trip.

As we discussed over the phone, Tour Resource will supplement Interrogatory No. 11 to provide additional information related to the time and effort it spent attempting to take down the defamatory review on the Better Business Bureau website. This review remained on the website from May through December 2020. Tour Resource will provide its best estimate on the time spent by the January 4, 2022 discovery deadline.

Plaintiff's remaining points in the golden rule letter were identical for each interrogatory and request for production response. Instead of repeating the same information, I want to get straight to the heart of the matter, which is Tour Resource's position that the discovery requests were overbroad as they sought information well beyond the class definition and the common issues of facts between class members as alleged in the amended complaint.

Plaintiff's amended petition states the common fact between the potential class members as "the reservation was effectively "canceled" as a result of international *travel restrictions preventing tourists from visiting Italy.* . ." Amended Complaint at ¶ 45. The class definition also is defined as "[a]ll persons who were charged a cancellation fee by Defendant for tour reservations that could not be completed because of *travel restrictions* related to the COVID-19 pandemic." *Id.* at ¶ 41. And, it is not alleged that Plaintiff paid a deposit related to other travel beside the Italy Trip.

Although there were other trips that some groups and individuals cancelled due to their subjective concern over COVID, the only one that Plaintiff alleged to be cancelled due to *travel restrictions* was the Italy Trip. The Italian government did not allow any Americans into the country in 2020. Tour Resource's corporate representative's deposition gave honest and open answers in line with these discovery requests as the

Jack McInnes
December 20, 2021
Page 2



SpencerFane

questioning related to this inquiry broadly focused on trip cancellations due to COVID concerns, as opposed to cancellations due to travel restrictions.

Plaintiff's request for information outside of the Italy Trip, due to the travel restrictions imposed in that country, seeks discovery well beyond the scope of the pleadings in this case. There are no allegations that any other trip faced cancellation due to travel restrictions or that Plaintiff had any involvement in those other trips. It is well-settled, class related case law within the 8th Circuit that the "scope of relevant discovery" is the claims and defenses that are identified in the pleadings. *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201, at *7 (D. Kan. Jan. 18, 2007); *see also Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 377 (D.N.M. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's notes) ("The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. . . . The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.").

Plaintiff's primary contention in this case is that Tour Resource unlawfully withheld his trip deposit as a cancellation fee because his group, rather than himself, did not cancel the Italy Trip. Plaintiff's current discovery requests seek information that would encompass individuals and groups who cancelled their trips on their own, not due to any travel restriction, and then were assessed a cancellation fee. At this point in the litigation, it is no longer in dispute that Tour Resource provided Plaintiff, and all trip participants, an opportunity to view the cancellation policy, its fee, and force majeure provision prior to the imposition of the cancellation fee. However, Plaintiff himself chose not to review the materials at the time he booked his trip.

The remaining point of contention is whether his group had the ability to cancel the trip, forcing the withholding of his deposit as a consequence. The current discovery request does not make a distinction between those individuals who cancelled their trip on their own or collectively as a group not due to any travel restriction, as opposed to Plaintiff's unilateral desire to avoid the cancellation. Correct us if we are wrong, but I do not believe that Plaintiff is asserting that he paid a deposit to Defendant for any other travel besides the Italy Trip or that Defendant unlawfully withheld the deposit for those other individuals and groups. If we are wrong on this point and Plaintiff paid deposit for another trip, please point out which portions of the amended complaint encompass those allegations. Although it was impossible for Plaintiff to complete his trip due to Italy's travel restrictions, Tour Resource still provided all class-related information related to that trip.

Sincerely,

DJ Pierre

DJP/lmv