**Austin Jaspers**

| | |
|---|---|
| **From:** | Jack McInnes |
| **Sent:** | Tuesday, January 4, 2022 12:44 PM |
| **To:** | KSD_Mitchell_Chambers |
| **Cc:** | Lamer, Bryant; Pierre, DJ; McAndrews, Patrick; Scott Waddell ; Austin Jaspers |
| **Subject:** | Delcavo v. Tour Resource Consultants LLC, Case No. 21-2137-JWL-ADM - Request for Telephone Conference re: Discovery Dispute |

Judge Mitchell,

We are reaching out to you today in hopes that you can assist us in resolving a discovery dispute regarding Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Tour Resource Consultants. Plaintiff initially served this discovery on Defendant on October 14, 2021. Defendant served its responses to Plaintiff on November 15, 2021. Plaintiff sent Defendant a golden rule letter on December 17, 2021, and counsel met and conferred to discuss this letter later that same day. Counsel for Defendant then gave Plaintiff its response to his golden rule letter on December 23, 2021. The parties have also been meeting and conferring on a related issue involving documents referenced during the corporate representative deposition.

Plaintiff is seeking documents and information regarding trips planned to occur from January 2020 to the present that were cancelled due to complications arising from the COVID-19 Pandemic, but Defendant has taken the position that Plaintiff is not entitled to this information because it relates to trips and travelers that are not typical of the class definition proposed by Plaintiff in his Amended Complaint. The class definition that Defendant cites to reads "all persons who were charged a cancellation fee by Defendant for tour reservations that could not be completed because of travel restrictions related to the COVID-19 Pandemic." Defendants are unwilling to provide documents and information regarding any other trip that it planned to occur from January 2020 to the present because it is interpreting this definition as pertaining *only* to trips that were cancelled due to government restrictions. Plaintiff believes that he is entitled to information regarding these other trips because he interprets this class definition more broadly and believes that there are numerous other class members that may be revealed if this information was provided. The parties are unable to agree on whether this class definition should be interpreted narrowly or broadly and thus require the Court's assistance.

The original Scheduling Order in this case encourages the parties to arrange a telephone conference with the Court before filing a motion to compel and to do so before filing any motion for an extension of time that would interference with the deadline to complete all discovery, the pretrial conference, or the dispositive motion deadline. Although today is the deadline to complete class certification discovery, the deadlines to complete all discovery and file dispositive motions are still months out. Since Plaintiff's deadline to file his motion for class certification is only two weeks away, however, Plaintiff can file his motion to compel today if the Court prefers.

Thank you, in advance, for your consideration,

Jack McInnes
**MCINNES LAW LLC**
1900 W. 75th Street, Suite 220
Prairie Village, KS 66208
(913) 220-2488
jack@mcinnes-law.com



**DISCLAIMER:** This communication is intended for the stated recipients only. If you are not an intended recipient, the Firm requests you refrain from reading this email, destroy it, and contact the Firm regarding its inadvertent transmission. Permission for further dissemination or use of the contents of this email is not granted by inadvertent transmission to an unintended recipient. The contents of this email contain privileged communications and confidential information and may be protected by law from inappropriate or unauthorized use or dissemination.