IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY DELCAVO, et al. | ) |
| | ) |
|       Plaintiffs | ) |
| | ) |
| v. | )   Case No. 2:21-cv-02137 |
| | ) |
| TOUR RESOURCE CONSULTANTS, LLC. | ) |
| | ) |
|       Defendant | ) |

**SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Tour Resource Consultants, LLC ("Defendant" or "Tour Resource") states as follows in opposition to Plaintiff Anthony Delavo's ("Plaintiff" or "Delcavo") Motion to Compel and Memorandum in Support (the "Motion").

Plaintiff's Motion is inappropriate. On the eve of the Court's class certification decision and after months of deposition and other discovery, Plaintiff has decided that he wants information regarding individuals who are clearly outside of the Amended Complaint's proposed class, and regarding trips which are unrelated to the trip identified in the Amended Complaint. Courts in this circuit have been clear that using discovery to expand the definition of a class is not permissible under Rule 26. Furthermore, such an expansion at this late stage of litigation would unduly burden Tour Resource with cataloging thousands of pages of completely irrelevant information. Finally, Plaintiff has failed to demonstrate that his substantial delay in attempting to meet and confer regarding the alleged deficiencies is supported by good cause to abrogate Local Rule 37.1(b).

**I.**     **Plaintiff's Efforts to Meet and Confer do not demonstrate Good Cause to file the Motion after the Period set forth in Local Rule 37.1(b).**

The Court should deny Plaintiff's Motion due to his failure to comply with the Court's Scheduling Order and local rule 37.1(b). There is no good cause to go beyond the deadline set by

the Court. Defendant does not contest that counsel had an informal phone call ahead of the corporate representative deposition as required under Rule 30(b)(6). However, counsel for Plaintiff placed this phone call only to ensure that counsel did not instruct the corporate representative to refuse answers to any questions where there were standing discovery objections and that the corporate representative would answer questions related to the deposition topics, rather than any attempt to confer over Defendant's actual discovery responses. Counsel for Defendant objected during the deposition to numerous questions, but no obstruction took place and as Plaintiff admits, he was able to freely ask any question during the deposition.

Plaintiff states that only after reviewing the deposition transcript did he realize "that it may need additional documents that it was entitled to substantiate his arguments in favor of certification more fully, including documents that were explicitly referenced within Defendant's Corporate Representative deposition." *See* Doc. 74 at *3. This argument is immaterial to the dispute at issue in Plaintiff's Motion because Defendant stated he would provide those very documents related to the Italy Trip since it was pertinent to Plaintiff's class definition of cancelled trips due to travel restrictions, but not information related to other trips cancelled in 2020. *See* **Def.'s Exhibit A**. In his Motion, Plaintiff omitted Defendant's response to the request related to those specific deposition documents. *See* **Pl.'s Exhibit 9**. To date, Plaintiff has still not responded to the additional inquiry from counsel to Defendant clarifying what deposition related information he is seeking from the deposition that has not been provided already. *See* **Def.'s Exhibit A**.

Plaintiff waited until after-hours on December 15, 2021—the deadline for him to file this Motion under the Scheduling Order and to meet and confer under Local Rule 37.2—to take any action regarding the actual discovery responses at issue here. *Id*. The correspondence between counsel for the Plaintiff and Defendant demonstrates that to be the case, including counsel's text

2

messages to counsel for Defendant seeking a last-minute extension of time to file this Motion due the tardiness of Plaintiff's attempt to resolve this issue. *Id*. & **Pl.'s Exhibit 5**. The fact that Plaintiff has still not clarified what specific deposition-related documents he is seeking prior to filing this Motion demonstrates his lack of good cause and timeliness in his attempts to resolve this dispute.

Plaintiff filed his original Complaint on March 23, 2021 and his Amended Complaint on May 26, 2021. Docs. 1 & 18. The deadline on any Motion to Amend was August 3, 2021. The Amended Complaint maintained the same class definition as the original. Plaintiff then waited approximately five months after filing his Amended Complaint, and two months after the Motion to Amend deadline to serve any discovery in the matter. *See* Pl.'s Exhibits 1 & 2. Any failure to change the class definition or conduct discovery that Plaintiff believes would have impacted that definition is the fault of Plaintiff's delay, rather than any conduct on the part of the Defendant. Like Plaintiff's failure to timely file an answer to Defendant's Amended Counterclaim, Plaintiff has failed to conduct his case in any efficient matter. As the Court has noted, "[g]ood cause exists if the moving party shows it acted diligently in attempting to resolve the particular discovery dispute at issue." Doc. 62 at *2. Plaintiff has submitted last minute, after-hours requests to not only meet and confer about this discovery dispute, but also to confer regarding Defendant's response to his golden rule letter. *See* **Exhibit A**. The second request for an immediate meet and confer came after-hours on New Year's Eve, and Plaintiff's counsel did not respond to Defendant's Counsel's same-day response until January 4, 2022, the day class discovery closed under the Scheduling Order. *Id*. This is even after counsel for Defendant made himself available to immediately conduct this additional meet and confer over the weekend, rather than the January 4, 2022 deadline. *Id*. The reality of this case is that Plaintiff, like in his untimely response to Defendant's Amended Counterclaim and delayed discovery requests, has failed to act diligently to resolve this dispute.

3

The Court should deny the Motion as untimely. To do so otherwise would allow Plaintiff to eviscerate the Court's Scheduling Order, Local Rule, and Defendant's prompt and immediate attempts to resolve this issue when requested. Nothing prevented Plaintiff from serving discovery earlier or raising these issues the day Defendant served its discovery responses. The Court has already allowed Plaintiff leave to file his Answer to Defendant's Amended Counterclaim out of time and after the Court stressed the need for the Parties to follow all mandated deadlines in this case. Granting this Motion would reward untimeliness and allow Plaintiff to go well-beyond the permissible scope of discovery and his pleadings in order obtain information immaterial his claim.

## II.     Plaintiff is not entitled to the Proposed Discovery.

"Parties may obtain discovery regarding any matter, not privileged, *that is relevant to the claim or defense of any party*." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevancy is, thereby, a threshold question—"[w]hen the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance . . . Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003). Additionally, even where information is relevant, the Court may limit its production when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

Here, Plaintiff's proposed discovery is outside of the proposed class definition, and not relevant on its face. Furthermore, Plaintiff has not carried his burden to prove that the sought information is relevant, and, even if it was relevant, it would be unduly burdensome to produce, taking into account the needs of the case.

A. **The Court should not permit Plaintiff to seek Discovery that is not related to the Allegations in the Complaint.**

Plaintiff's Amended Complaint defines the class as individuals who had their trips cancelled "as a result of international travel restrictions preventing tourists from visiting Italy," as well as "[a]ll persons who were charged a cancellation fee by Defendant for tour reservations that could not be completed because of travel restrictions related to the COVID-19 pandemic." Amended Complaint ¶¶ 45, 41. This makes sense, considering that Plaintiff only alleges that he paid a deposit for the Italy trip, and concedes that that trip was cancelled due to Italy's travel restrictions specifically targeting U.S. travelers at the start of the pandemic.

In spite of the months of fact discovery based around this class definition, only a few days before the impending class certification deadline, Plaintiff has now decided that he wants information related to all trips cancelled for any reason by Defendant, not just those that involved travel restrictions. In the Motion, Plaintiff basically concedes that the proposed discovery does not relate directly to his proposed class definition, but instead argues that he is "entitled to information regarding other trips that were planned to take place." Doc. 74 at *8. In support of this expansion, Plaintiff cites *Soseeah*, a case from the Federal District of New Mexico, for the proposition that "discovery is permitted that is sufficiently broad that a plaintiff has a fair and realistic opportunity to obtain evidence which will assist him in meeting the requirements of certifying a class." Doc. 74 at *7. While *Soseeah* holds that a Plaintiff is entitled to broad discovery related to his proposed class, it makes clear that "[a]t this stage of the case, the issue is whether the proposed discovery is relevant to class certification." *Soseeah v. Sentry Ins.*, No. CV 12-1091 RB/ACT, 2013 WL 11327129, at *3 (D.N.M. Nov. 4, 2013) ("The discovery which is permitted should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet

the requirements of Rule 23, <u>*yet not so broad that the discovery efforts presented an undue burden to the defendant.*</u> Discovery is not to be used as a weapon") (emphasis added).

Contrary to Plaintiff's implication, *Soseeah* does not stand for the proposition that Plaintiff is entitled to discovery which is not relevant to the class definition, or that a Plaintiff is entitled to use discovery to expand his definition of a class. No case stands for such a proposition. Instead, it is well settled that, even in the context of class actions, "[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. . . . The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 377 (D.N.M. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's notes); *See also Tri Cty. Tel. Assocoiation, Inc. v. Campbell*, No. 17-CV-089-F, 2018 WL 10399165, at *4 (D. Wyo. Apr. 17, 2018) ("that a plaintiff cannot use discovery to determine whether to add a claim is analogous to the present case because a court is additionally not required to permit [a] plaintiff to engage in a fishing expedition in the hope of supporting his claim.").

This case is nearly identical to *Apsley*, another case before this District on a motion to compel class discovery. There, as the class certification deadline loomed. Plaintiff decided that he wanted discovery on policies that were not at issue in this initial Complaint or class definition so that he could "determine if defendants have any other policies that are discriminatory against older workers." *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201, at *7 (D. Kan. Jan. 18, 2007). The Court was completely unwilling to entertain such an expansion, stating that:

> "As noted above, the scope of discovery in Rule 26(b)(1) has been amended and narrowed and, absent a showing of good cause, the scope of discovery is limited to the claims and defenses asserted in the case. Plaintiffs' far-reaching request for discovery materials based on the need for 'background information' is not sufficiently tailored to the claims or

6

defenses asserted in this case. Similarly, plaintiffs' assertion that they are entitled to determine whether defendants have any other discriminatory policies against older workers is not persuasive. The 2000 Amendment to Rule 26(b)(1) signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."

*Id.* (internal quotation marks and citations omitted).

It is not good enough that Plaintiff wants information on other trips so that he may expand his class definition, or perform a fishing expedition on any trip that was also scheduled during 2020. The Court should adhere to the advisory committee's recommendation and limit discovery to the Amended Complaint.

In support of his assertion that he is entitled to discovery outside of his class definition, Plaintiff cites three cases that are variously inapplicable. Plaintiff first cites to *WPX Energy* for the proposition that a class definition may be change with "realities of discovery," but this is out of context. Doc. 74 at *7.[1] The *WPX Energy* court was *not* evaluating whether a Plaintiff may seek discovery outside the bounds of its class definition, but was instead deciding whether under 23(d) a Plaintiff may re-propose a new class definition after his first attempt at certification has failed. *Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2016 WL 5376325, at *9 (D.N.M. Aug. 27, 2016). If anything, *WPX Energy* proves that Plaintiff is not entitled to discovery outside of his definition, but instead that he may move for certification on his proposed class once his initial definition fails to be certified—not that a definition may change in discovery.

Next Plaintiff cites *Carpenter v. Boeing* for the proposition that a court may modify a class definition at any time, but this is again a misstatement of the holding. *Carpenter v. Boeing* states that the court may "modify or amend its ***class-certification determination*** at any time," not that

---

[1] This term "realities of discovery" is not found anywhere within the *WPX Energy* decision. As a result, it is difficult to determine precisely which part of the holding Plaintiff is relying on.

the Court may do Plaintiff's work for him and unilaterally amend the *definition* of the class at any point so that Plaintiff can have whatever discovery it wants. *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006). Finally, Plaintiff quotes *In Re Urethane Antitrust Litigation* for the principle that a Court should not "limit discovery based on this Court's determination of the proper scope of a potential class." Defendant agrees with this proposition. The Court should not limit discovery based on <u>*the Court's*</u> determination of the scope of the class. But, as rule 26 makes clear, the Court should absolutely limit discovery based on *Plaintiff's own definition* of his class. Plaintiff is the master of his Complaint. The Court should not redraw the bounds of the Complaint for him now that, right before class certification, he thinks that he could have gone bigger.

### B. The Information that Plaintiff is seeking is not Relevant and would be Unduly Burdensome to produce.

Plaintiff suggests that the identity of travelers on trips that are outside its definition of the class is "facially relevant," but this is absurd. As was discussed above at great lengths, relevancy is determined by the bounds of the complaint, including the class definition, and Courts have been strongly encouraged by the framers of Rule 26 to limit discovery to the bounds of the Complaint. At best, Plaintiff's proposed discovery could help him whether he could broaden his class, or find individuals on other trips, not included in the class definition, who were somehow "similarly situated." However, that would still be facially irrelevant to the class definition in the Amended Complaint, as "a plaintiff cannot use discovery to determine whether to add a claim." *Tri Cty. Tel. Assocoiation, Inc.*, 2018 WL 10399165, at *4. As a result, Defendants should not be compelled to produce facially and materially irrelevant discovery on the off-chance that Plaintiff can use it to expand his demand.

Plaintiff asserts that *Allen* stands for the proposition that "information that would assist in defining the proposed class" is discoverable, but this is again flatly false. *Allen* merely states that

8

"the names and contact information for the putative class members are discoverable," as well other information pertaining the *putative class members*. *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635 (D. Kan. 2012). In fact, the court in *Allen* went so far as to limit discovery of detailed facts about putative class members at an early stage because it would not assist Plaintiff in proving it could meet class requirements. *Id.* ("without a more specific explanation of the relevance of more detailed information about the individual putative class members, the court will not allow broader discovery during this stage of litigation."). *Allen* does not stand for the proposition that a Plaintiff may use irrelevant discovery to broaden the class definition *ad hoc*. Plaintiff should be limited to discovery regarding his "putative class members."

Even though Defendant contends that Plaintiff has failed to meet its threshold showing of relevancy, the proposed discovery would place an undue burden on Defendant. Plaintiff is correct that whether a burden is undue is evaluated "in light of the benefits to be secured from discovery." Doc. 74 at *9 (citing *Linnebur v. United Tel. Ass'n*, 2011 U.S. Dist. LEXIS 124473, *15 (D. Kan. 2011)). Here, the possibility that discovery explicitly outside of the class definition is nonetheless relevant is so remote as to be essentially nonexistent. As a result, nearly any burden would justify nondisclosure. But, the burden would indeed be great. In support of his argument for a limited burden, Plaintiff states that, in Deposition, Defendant concedes that he keeps an automated tally of deposits collected from the 26 different trips that occurred around 2020. Doc. 74 at *9.

But, Plaintiff is of course not just requesting a list of travelers, Plaintiff is requesting a massive trove of information concerning the other trips that would take weeks to compile and screen for sensitive personal information. This includes every single communication sent to every prospective traveler on any trip during 2020,[2] every communication between any agent of Tour

---

2 Request for Production No. 2.

resource regarding the other trips,[3] every communication received from any prospective traveler,[4] every agreement with any prospective traveler,[5] every communication with any hotel, restaurant, or any other accommodation on any trip,[6] a timeline of each document that was sent to prospective travelers on each trip,[7] and the identity of each vendor or accommodation on any trip,[8] just to name a few of Plaintiff's facially overbroad requests.

Here again, *Apsley* is instructive. Not only did the Court resoundingly determine the Plaintiff's attempt to expand his class definition via discovery request was irrelevant, the Court also stated his request was "overly broad and unduly burdensome on its face because the request specifically asks for '*all documents*, manuals, handbooks, policies, procedures or directives issued by defendant' pertaining to the 16 areas of employment. The all-inclusive request for documents is excessive for purposes of securing 'background' information." *Apsley*, 2007 WL 163201, at *7. Similarly, even if Plaintiff's request for information outside of its class definition is relevant (which it is not), his request for nearly every single document related to numerous trips and countless "prospective travelers," is facially overbroad and unduly burdensome.

### III. <u>Conclusion</u>

There is no good cause or legal support for Plaintiff's contention that Defendant must produce information that is irrelevant to its class definition in the Amended Complaint, particularly at this late stage. Moreover, Plaintiff's requests are unduly burdensome. Finally, Plaintiff's failure to abide by Local Rule 37.1(b) is not supported by good cause. Plaintiff is not entitled to discovery beyond the Amended Complaints class definition, and the Court should thereby deny the Motion.

---

3 Request for Production No. 1.
4 Request for Production No. 3.
5 Request for Production No. 6.
6 Request for Production No. 8.
7 Interrogatory No. 6.
8 Interrogatory No. 7.

10

KC 18316828.1

Respectfully submitted,

SPENCER FANE LLP

*/s/ Duvel Pierre*

| | |
|---|---|
| Bryant Lamer, | KS # 22722 |
| Patrick McAndrews | KS # 24721 |
| Duvel Pierre, | KDC # 78967 |

1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216 Fax
blamer@spencerfane.com
pmcandrews@spencerfane.com
djpierre@spencerfane.com
ATTORNEYS FOR DEFENDANT
TOUR RESOURCE CONSULTANTS, LLC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 21st day of January, 2022, a true and correct copy of the foregoing was filed and served via the Court's electronic filing system.

*/s/ Duvel Pierre*
Attorney for Defendant
Tour Resource Consultants, LLC.