### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY DELCAVO, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | Case No. 2:21-CV-02137 |
| ) | |
| v. ) | |
| ) | |
| TOUR RESOURCE CONSULTANTS LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL

Defendant's attempts to intentionally obfuscate Plaintiff's Complaint should not bar Plaintiff from receiving the documents he needs to prosecute his claims on behalf of the class of people that have been harmed by Defendant's breach of its own cancellation policy. Throughout its Motion in Opposition, Defendant attempts to misrepresent Plaintiff's Complaint and Plaintiff's arguments and present them in a light that is most favorable to it. Defendant cannot change the fact, however, that Defendant's own corporate representative has admitted that it cancelled 45 trips due to the COVID-19 Pandemic. This testimony clearly establishes the relevance of Plaintiff's requests seeking information regarding these exact trips. As such, this Court should compel the production of documents and information sought by Plaintiff's Motion to Compel.

### ARGUMENT

**A. Plaintiff has Engaged in Frequent and Deliberate Communication Regarding His Discovery Over the Last Three Months**

Plaintiff and Defendant have been discussing a potential resolution to this discovery dispute since the middle of November 2020. Unsurprisingly, Defendant refutes the precise

contents of these conversations and the extent to which Plaintiff badgered Defendant to produce the documents Plaintiff requested in his opening discovery requests. Because these conversations were informal and done on a good faith basis, both Plaintiff and Defendant lack a precise record of what was said during these conversations and any attempt to argue regarding the contents of these conversations would only serve to confuse the record and frustrate the point of Plaintiff's motion. What cannot be argued is the consistent timeline of Plaintiff's efforts to first negotiate a resolution to this problem that would obviate the Court's involvement and, when it became obvious these efforts would not succeed, seek the Court's assistance on an expedited timeline. Plaintiff's efforts to negotiate a solution without the need for filing a motion should not be punished as the reason for this delay was to allow the parties time to negotiate a solution to the problem addressed in this motion.

Defendant emphasizes the temporal proximity of Plaintiff's motion to the deadline this Court set to move for Class Certification. What Defendant does not acknowledge is that this deadline has came and passed, and Plaintiff has since filed a motion for Class Certification without any attempt to delay this process. Regardless of the outcome of this motion, Plaintiff intends to continue to litigate this case diligently and, to that effect, will serve additional discovery requests on Defendant in an effort to procure the information sought by the requests in dispute here. Despite Defendant's dramatic framing of the timing of this motion, this dispute is far from its conclusion. Allowing Plaintiff to bring this motion will not "eviscerate" anything other than an unnecessary delay in Plaintiff receiving the relevant documents he is entitled to.

**B. The Documents Requested Are Directly Related to Plaintiff's Asserted Class Definition.**

Defendant's argument that the documents requested by Plaintiff are not relevant to Plaintiff's claims relies entirely on the incorrect presumption that Defendant is the sole arbiter of

how specific phrases contained in Plaintiff's Complaint should be defined. Rather, relevant information, as that term is defined in the District of Kansas, is information that pertains to "any matter that bears on, or that reasonably could lead to another matter that could bear on any party's claims or defenses." *Isberner v. Walmart, Inc.*, 2020 U.S. Dist. LEXIS 188831, *3 (D. Kan. Oct. 13 2020) (internal citations omitted). A discovery request's relevance does *not* turn on a Defendant's subjective interpretation of a specific phrase contained in the Complaint, but this is the only defense that Defendant purports to rely upon. Defendant has interpreted the phrase "travel restrictions" to only include trips that were explicitly cancelled due to a government ban on travel. Defendant's bad-faith interpretation of this phrase should not prevent the Plaintiff from obtaining the information and documents it needs to prosecute the case as it has been plead.

Plaintiff has made it clear from the onset of this litigation he intended for the phrase "travel restrictions" to include any complications or limitations imposed on international travel as a result of the COVID-19 Pandemic. Defendant itself testified that 45 other trips that Defendant planned on behalf of various music related groups were cancelled due to the COVID-19 Pandemic. (Ex. 6, Schulte Dep. at 90:1-92:17)[1]. As stated above, Plaintiff is only requesting information insofar as that information relates to these trips that were cancelled as a result of COVID-19. Discovery relating to trips that were cancelled due to COVID-19 clearly bears on Plaintiff's claim that Defendant improperly charged an entire class of people a cancellation fee in connection with trips planned (and cancelled) by Defendant due to travel restrictions related to the COVID-19 Pandemic. As such, the Court should compel the production of these documents.

---

[1] Plaintiff mistakenly identified the incorrect number of trips and Deposition testimony in its original motion to compel. The number and citation contained within this Reply in Support accurately reflects Defendant's deposition testimony on this topic.

Defendant misstates Plaintiff's argument regarding the fluid nature of class definitions. Plaintiff is not attempting to use Rule 23 procedures to leapfrog any relevancy requirement imposed on discovery by other Federal Rules as Defendant appears to suggest. Plaintiff is only arguing that limiting discovery due to the subject matter of a request lying narrowly outside of a class definition *before a class has even been certified* would be inappropriate in light of the fact that a class definition can change at any point during a litigation. *In Re Urethane Antitrust Litig.*, 237 F.R.D. 454, 459 (D. Kan. Aug. 25, 2006). To that point, Defendant makes no attempt to confront the legal precedent cited by Plaintiff that limiting discovery based on a narrow interpretation of a class definition is inappropriate.

Seeing as Defendant merely attempts to repackage his relevance argument to support his argument that these requests are unduly burdensome and because Defendant has made no attempt to establish that producing the documents and information would impose any burden on him whatsoever, Defendant's arguments that these requests are unduly burdensome fail for the same reason that his relevance arguments fail.

## CONCLUSION

Plaintiff's requests are plainly relevant to the dispute at the heart of this matter. Further, Defendant has failed to meet his burden to establish that producing the requested documents would be unduly burdensome. Finally, any delay in Plaintiff's filing of this motion was due to Plaintiff's efforts to negotiate a solution to this dispute without the Court's involvement. As such, the Court should grant Plaintiff's Motion to Compel.

Dated: January 25, 2022                                  Respectfully submitted,

                                                         MCINNES LAW LLC
                                                         By: /s/ Austin O. Jaspers

<div style="margin-left: 50%;">

Jack D. McInnes (KS #21898)
Austin O Jaspers (KS #28313)
1900 West 75th Street, Suite 220
Prairie Village, Kansas 66208
Telephone: (913) 220-2488
Facsimile: (913) 347-7333
jack@mcinnes-law.com
austin@mcinnes-law.com

A. Scott Waddell (KS #20955)
WADDELL LAW FIRM LLC
1900 West 75th Street, Suite 220
Prairie Village, Kansas 66208
Telephone: (816) 914-5365
Facsimile: (913) 347-7333
scott@aswlawfirm.com

ATTORNEYS FOR PLAINTIFF

</div>

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25 day of January, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendant through the Notice of Electronic Filing.

                                                                             By: */s/ Austin O. Jaspers*