IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY DELCAVO,               )
individually and on behalf of all others  )
similarly situated,                )
                            )
              Plaintiff,     )
                            )
     v.                    )     Case No. 21-2137-JWL
                            )
TOUR RESOURCE CONSULTANTS, LLC,  )
                            )
              Defendant.   )
                            )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on motions for summary judgment filed by plaintiff (Doc. # 95) and defendant (Doc. # 88).  For the reasons set forth below, defendant's motion is **granted in part and denied in part**:  the motion is granted as unopposed with respect to plaintiff's common-law claims for unjust enrichment, conversion, and breach of contract, and defendant is awarded judgment on those claims; the motion is otherwise denied.  Plaintiff's motion is hereby **denied**.

### I.     Background

Defendant provides travel services for groups, and in 2019 a music group, the Bach Festival Society ("Bach"), arranged for defendant to provide services for a June 2020 tour to Italy.  Plaintiff's son was a member of the group, and in November 2019 plaintiff paid

defendant $400 as an initial deposit for the trip.  In March 2020, when travel to Italy became impossible in light of the COVID-19 pandemic, Bach's trip and plaintiff's booking were canceled.  Payments by plaintiff and other participants in the Bach trip were refunded by defendant with the exception that defendant retained $400 as a cancellation fee for each participant.

In March 2021, plaintiff filed this putative class action, in which plaintiff asserted common-law claims for unjust enrichment, conversion, and breach of contract, and claims under the Kansas Consumer Protection Act (KCPA), K.S.A. §§ 50-626, -627.  In November 2021, the Court granted in part plaintiff's motion for class certification, and it certified a class, limited to the participants in the Bach tour, for the assertion of all of plaintiff's claims except his claims under the KCPA based on affirmative misrepresentations by defendant.  In addition, defendant has asserted a counterclaim for defamation, based on its allegation that plaintiff falsely accused it of having canceled the Bach tour, although that counterclaim is not the subject of the present motions.

## II.   <u>Summary Judgment Standards</u>

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).  An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either

way." *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *See id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *See id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *See Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *See Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.    Defendant's Motion for Summary Judgment

#### A.    *Abandoned Common-Law Claims*

Defendant moved for summary judgment on plaintiff's common-law claims for breach of contract, conversion, and unjust enrichment.  In stating his claim in the pretrial order, however, plaintiff has abandoned those claims, and therefore he does not oppose summary judgment on the claims.  Accordingly, the Court grants defendant's motion as unopposed with respect to those claims.

#### B.    *KCPA Claims*

From his original claims, plaintiff preserved only his KCPA claims in the pretrial order.  In its prior orders, the Court has described plaintiff's KCPA claims as a claim of a deceptive act in violation of K.S.A. § 50-626 and a claim of an unconscionable act in violation of K.S.A. § 50-627, based only on certain alleged misrepresentations and omissions – although the Court certified a class only to assert KCPA claims based on omissions.[1]  In the pretrial order, however, plaintiff has asserted only omissions as the basis for his KCPA claim, and thus he has abandoned any claim under the KCPA based on affirmative misrepresentations.  Defendant now seeks summary judgment on the remaining KCPA claims based on the alleged omissions.

As an initial matter, the Court rejects plaintiff's argument that defendant's motion should be denied solely because defendant violated D. Kan. Rule 56.1, which governs

---

[1] In its brief in support of summary judgment, defendant incorrectly stated that the Court had dismissed the KCPA affirmative misrepresentation claims.  The Court declined to certify a class to assert those claims, but that ruling did not affect plaintiff's own misrepresentation claims.

4

motions for summary judgment.  Specifically, plaintiff takes issue with the evidentiary support cited for a couple of defendant's statements of fact.  The Court will not deny the motion on that basis, however; rather, the Court will decide the motion based solely on facts that are properly supported by the evidence.

Defendant first argues that it is entitled to summary judgment because it did not fail to disclose a material fact as alleged by plaintiff.  Plaintiff has asserted in the pretrial order that defendant failed to disclose "the existence of the force majeure clause and the fact that [defendant] would use that clause to retain the Class Members' initial deposits as 'cancellation fees' irrespective of who cancelled the tour and travel reservations." Defendant argues that both its cancellation policy and the separate force majeure clause, which were part of its contract with the Bach group, were disclosed to plaintiff.  Defendant notes the fact, conceded by plaintiff, that he and the other group participants were required to check a box indicating that they had reviewed the terms and conditions of the trip before they were allowed to complete their online booking for the tour (when they paid their initial deposits).  Defendant then argues that plaintiff conceded in his deposition testimony that he had received both the cancellation policy and the force majeure clause at the time of his booking.

This argument fails, however, because defendant has not provided any evidence that plaintiff (or other members of the class) reviewed or had been given the force majeure clause by the time of booking.  In its briefs, defendant has repeatedly mischaracterized plaintiff's testimony on this point.  In his deposition, plaintiff conceded that by the time he booked his trip online, he had seen a trip itinerary, that he had probably reviewed the "terms

and conditions" for the tour as required by the check box, and that he had seen the cancellation policy contained in the itinerary. Plaintiff also testified that he had printed the agreement between defendant and the tour group, and that that agreement contained the force majeure clause, but he also testified that he believed he printed that agreement after he booked the trip with defendant. Plaintiff did *not* state that he had received the force majeure clause prior to his booking and deposit. Thus, defendant has improperly relied on plaintiff's testimony to support its factual assertion that both the cancellation policy and the force majeure clause had been disclosed to plaintiff at the time he paid his deposit.

Indeed, defendant was apparently unable or unwilling to provide evidence from the actual website or from its own witnesses to show exactly which documents, containing which terms and conditions, were disclosed to the tour participants at the time that they booked their tours and paid their deposits. Thus it is not clear which "terms and conditions" were made available to the participants for their review before booking. Accordingly, defendant has not shown the absence of a question of material fact concerning whether it disclosed the force majeure clause to plaintiff, and therefore defendant is not entitled to summary judgment on this basis.

Defendant next argues that any omission of fact was not willful as required for a violation of K.S.A. § 50-626(b)(3). *See id.* As the parties agree, "Kansas courts have repeatedly held that an act or omission is willful if a person performed it with a designed purpose or intent to do wrong or to cause injury to another." *See In re Motor Fuel Temperature Sales Practices Litig.*, 867 F. Supp. 2d 1124, 1140 (D. Kan. 2012) (internal quotations omitted) (citing cases). Defendant concedes that this issue of willfulness

ordinarily presents a question of fact for the jury. *See id.* (citing cases). Defendant argues nevertheless that because it did concededly disclose its cancellation policy to plaintiff, it cannot have been acting with any intent to deceive.

The Court rejects this argument. As discussed above, defendant has not established as a matter of law that it disclosed the force majeure clause, on which it later relied in retaining plaintiff's deposit, and a reasonable jury could find that defendant acted willfully in knowingly disclosing only some of the relevant cancellation terms and withholding others that it intended to enforce.[2] Thus, the Court concludes that this issue presents a question of fact for the jury, and it denies the motion for summary judgment on this basis.

Finally, defendant argues that it had no duty to disclose the allegedly omitted material facts. Plaintiff does not dispute that the existence of such a duty must be shown to establish a violation of Section 50-626(b)(3). *See Williamson v. Amrani*, 283 Kan. 227, 246 (2007). Defendant argues that no such duty arose from the relationship of the parties here, as the transaction was conducted at arms' length.

The Court cannot conclude as a matter of law, however, that no duty of disclosure arose here. "Under the KCPA, a supplier has a duty to disclose a material fact if the supplier knows that the consumer is entering into a transaction under a mistake as to the material fact, and the consumer would reasonably expect disclosure of such material fact based on the relationship between the consumer and the supplier, the customs and trade or other objective circumstances." *See Motor Fuel*, 867 F. Supp. 2d at 1139 (citing

---

[2] Defendant did not provide any evidence from its own witnesses explaining why it would have included only some of the cancellation terms on the booking website.

*Williamson*, 283 Kan. at 246).  Defendant argues that it did not know that plaintiff was operating under any mistake of fact. A reasonable jury could find, however, that defendant only disclosed some of the cancellation provisions that it intended to enforce, and that defendant therefore would have known that plaintiff did not have all of the relevant facts about the possible retention of his deposit.  Further, that jury could find that plaintiff would reasonably have expected that when he received some cancellation terms, there were no other potentially relevant terms being withheld.  *See Boegel v. Colorado Nat'l Bank of Denver*, 18 Kan. App. 2d 546, 550 (1993) (question of fact remained when reasonable persons could differ concerning whether the defendant knew the plaintiff was mistaken and whether the plaintiff would reasonably have expected to receive the omitted facts). Accordingly, the Court denies defendant's motion for summary judgment on that basis, and the motion is denied in its entirely with respect to the remaining KCPA claims.


### IV.   Plaintiff's Motion for Summary Judgment

Plaintiff argues that he has asserted a separate claim, included in the pretrial order and not addressed by defendant in its summary judgment motion, for an unconscionable failure to provide a material benefit in violation of K.S.A. § 50-627(b)(3).  Plaintiff seeks summary judgment on that separate claim, arguing that because the trip was canceled, he did not receive a material benefit for his $400 deposit.

The Court does not agree, however, that plaintiff may assert a separate claim under Section 50-627(b)(3).  Plaintiff originally accused defendant of a deceptive act in violation of Section 50-626 and an unconscionable act in violation of Section 50-627 with respect to

defendant's retention of plaintiff's deposit after cancellation of the tour.  In its prior orders, the Court described those claims as based on two particular deceptive or unconscionable acts:  making certain misrepresentations and omitting certain facts.  Thus, in its class certification order, the Court certified a class for the KCPA claims based on omissions but rejected certification for the claims based on misrepresentations, without addressing any separate "no material benefit" claim.  Plaintiff did not challenge or seek reconsideration of the Court's characterization of plaintiff's KCPA claims, and plaintiff has now abandoned any claim based on affirmative misrepresentations.

The statute in question, Section 50-627, provides in relevant part as follows:

(a)   No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction.  An unconscionable act or practice violates this act whether it occurs before, during or after the transaction.

(b)  The unconscionability of an act or practice is a question for the court.  In determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

. . .

(3)  the consumer was unable to receive a material benefit from the subject of the transaction.

. . .

*See* K.S.A. § 50-627(a), (b).  Thus, by the plain text of the statute, paragraph (b)(3) merely identifies one circumstance for the Court to consider in determining whether the particular act alleged – in this case, the omission of material facts – was unconscionable in violation of the KCPA.  Plaintiff disputes that reading of the statute, arguing that the words "such as" in the introduction to subsection (b) indicates that the list that follows provides

examples of acts that must be deemed unconscionable.  The statute does not list examples of unconscionable "acts" or "practices", however – instead, it instructs the Court to "consider circumstances" known to the seller, "such as" those listed in the statute.  Thus, the text of the statute provides no basis to conclude that the presence of one listed circumstance is dispositive on the issue of unconscionability.

The upshot is that plaintiff does not assert a separate claim for a violation of Section 50-627(b)(3).  Rather, plaintiff (and the certified class) has claimed an unconscionable act by defendant relating to the retention of the deposits in violation of Section 50-627(a), and the Court will consider whether plaintiff failed to receive a material benefit (and other circumstances of which defendant had knowledge) in determining whether any particular act by defendant should be deemed unconscionable in violation of the KCPA.

Moreover, plaintiff has not established that he is entitled to judgment as a matter of law at this stage on his Section 50-627 claim.  Plaintiff argues that he is entitled to judgment because he received no material benefit, defendant acted deceptively, and he suffered from an unequal bargaining position.  The KCPA does make the issue of unconscionability one of law for the Court, but the Court will make that determination after the facts have been established at trial.  At this time, the Court cannot conclude as a matter of law that participants received no material benefit for their deposits, as, for instance, the deposit allowed each participant to reserve one of a limited number of places on the tour, and some participants received vouchers in addition to their refunds of amounts paid above the initial deposits.  Nor can the Court conclude as a matter of law that defendant deceptively failed

to disclose material facts to plaintiff. Those issues present questions of fact to be determined at trial. The Court therefore denies plaintiff's motion for summary judgment.

IT IS THEREFORE ORDERED BY THE COUT THAT defendant's motion for summary judgment (Doc. # 88) is hereby **granted in part and denied in part**: the motion is granted as unopposed with respect to plaintiff's common-law claims for unjust enrichment, conversion, and breach of contract, and defendant is awarded judgment on those claims; the motion is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for summary judgment (Doc. # 95) is hereby **denied**.

IT IS SO ORDERED.

Dated this 25th day of July, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge