IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY DELCAVO, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-2137-JWL |
| | ) | |
| TOUR RESOURCE CONSULTANTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This class action comes before the Court on the parties' joint motion for approval of a settlement that resolves all claims asserted between the parties in this case (Doc. # 116). As more fully set forth below, the Court preliminarily approves the settlement and proposed attorney fee award, approves the proposed procedures, appoints a settlement and notice administrator, and authorizes notice to the class (upon revision of the proposed notice); and the motion is therefore **granted in part** to that extent. The motion remains pending subject to final approval of the settlement following the hearing set herein.

## I. Background

Defendant provides travel services for groups, and in 2019 a music group, the Bach Festival Society ("Bach"), arranged for defendant to provide services for a June 2020 tour

to Italy. Plaintiff's son was a member of the group, and in November 2019 plaintiff paid defendant $400 as an initial deposit for the trip. In March 2020, when travel to Italy became impossible in light of the COVID-19 pandemic, Bach's trip and plaintiff's booking were canceled. Payments by plaintiff and other participants in the Bach trip were refunded by defendant with the exception that defendant retained $400 as a cancellation fee for each participant.

In March 2021, plaintiff filed this putative class action, in which plaintiff asserted common-law claims for unjust enrichment, conversion, and breach of contract, and claims under the Kansas Consumer Protection Act (KCPA), K.S.A. §§ 50-626, -627. In November 2021, the Court granted in part plaintiff's motion for class certification, and it certified a class, limited to the participants in the Bach tour, for the assertion of all of plaintiff's claims except his claims under the KCPA based on affirmative misrepresentations by defendant. Subsequently, plaintiff and the class abandoned all claims other than the class claims, i.e., the claims under the KCPA based on alleged omissions. For its part, defendant has asserted a counterclaim for defamation, based on its allegation that the named plaintiff falsely accused it of having canceled the Bach tour.

In November 2022, shortly before the scheduled trial date, the parties reached a settlement of their claims. The principal terms of the settlement agreement are as follows: defendant agrees to pay $400 to each of the 48 class members, for a total payment of $19,200; defendant agrees to pay $50,000 in attorney fees to class counsel, with half of that amount paid in flight and hotel benefits; and the parties agree to release each other for all liability relating to the claims asserted in this action. On November 21, 2022, the parties

jointly filed the instant motion seeking approval of the settlement and other relief.  No response to the motion has been filed.

II.     **Preliminary Approval**

A.     *Settlement Terms*

Under Rule 23, a class action settlement may be approved by the Court only upon a finding that it is "fair, reasonable, and adequate."  *See* Fed. R. Civ. P. 23(e)(2).

> In deciding whether to approve a class settlement, a district court considers whether (1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) the parties believed the settlement was fair and reasonable.

*See Tenille v. Western Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (internal quotation and citation omitted).

In their motion, the parties have not distinguished between preliminary approval and final approval of the settlement.  Because the proposed agreement would bind class members who do not opt out, the Court may approve it only after a hearing conducted after class members have been given notice of the settlement and an opportunity to object.  *See* Fed. R. Civ. P. 23(e).  Thus the Court initially considers whether to approve the settlement preliminarily so that notice may be issued to the class and a final approval hearing may be set.  The following standards apply to this inquiry:

> Because preliminary approval is just the first step of the approval process, courts apply a less stringent standard than that at final approval.  District courts have developed a jurisprudence whereby they undertake *some* review of the settlement at preliminary approval, but perhaps just enough to ensure

3

> that sending notice to the class is not a complete waste of time. The general rule is that a court will grant preliminary approval where the proposed settlement is neither illegal nor collusive and is within the range of possible approval. While the Court will consider the Tenth Circuit's factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well.

*See Nieberding v. Barrette Outdoor Living, Inc.*, 2015 WL 1645798, at *4 (D. Kan. Apr. 14, 2015) (internal quotations and citations omitted) (citing, *inter alia*, William B. Rubenstein, *Newberg on Class Actions* § 13.10 (5th ed.)); *see also In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 1726345, at *2 (D. Kan. Apr. 10, 2018) (Lungstrum, J.) (quoting and applying this standard from *Nieberding*).

The Court concludes that the standards for preliminary approval of the settlement have been met in this case. There is no suggestion of illegality or collusion here, and the parties have confirmed that they negotiated at arm's length. This litigation has been vigorously contested in this Court by experienced counsel, including throughout discovery, the class certification stage, and the briefing of dispositive motions. Factual issues remain disputed and contested with respect to both sides' claims. The amount of the settlement is substantial in the sense that each class member would be repaid the entire amount that was withheld by defendant after cancellation of the trip. The class faces a risk of little or no recovery at trial and a risk of difficulty in executing on a judgment in the future, and plaintiff faces a risk of liability on defendant's counterclaim; therefore, it is reasonable to believe that the immediate recovery of such a sum is more valuable than the mere possibility of a more favorable outcome at trial. Counsel for both sides believe the settlement to be fair. Based on these factors, the settlement is clearly within the range of

settlements that could be approved by the Court, and the Court therefore grants preliminary approval of the parties' settlement.[1]

        B.        *Attorney Fees*

The parties also seek approval of their agreement concerning the attorney fees to be paid by defendant to class counsel. Rule 23(h) provides that the Court may award reasonable attorney fees authorized by the parties' agreement upon motion under Rule 54(d)(2). *See* Fed. R. Civ. P. 23(h). The Court therefore construes the parties' motion as one made under Rule 54 in accordance with Rule 23(h).

Rule 23(h) also provides that notice of the fee request must be given to the class members, who then may lodge objections to the proposed award. Accordingly, at this stage the Court considers only whether to grant preliminary approval of the fee award, such that notice may be issue to the class, with final approval subject to the Court's ruling after the final approval hearing.

The parties have agreed that defendant will pay class counsel a total of $50,000 in cash and travel benefits over the next two years, subject to the Court's approval. Given the scope of the litigation and the relief obtained by counsel for the class in the settlement, as

---

[1] The parties state in their brief that the proposed settlement treats class members "equitably relative to each other because it offers full relief for each class member." In so arguing, however, the parties have not acknowledged that the named plaintiff (the class representative) would not receive any additional compensation for the settlement of the counterclaim against him. (The parties have not proposed or agreed to any service award for the class representative.) This seeming inequality does not alter the Court's conclusion that the proposed settlement falls within the range of settlements that the Court could approve, but the parties should be prepared to address this issue in seeking final approval of the settlement.

well as the fact that the payment is separate from and thus does not affect the proposed

payments to class members, the Court concludes that the proposed fee award falls within

the range of awards that could be approved by the Court. The Court therefore grants

preliminary approval of the requested fee award, and notice may be given to the class of

that request.

C.      _Procedures for Distribution of Funds, Opting Out, Objecting_

The parties' agreement provides for defendant to pay the settlement amount

($19,200) into an account within ten days after final approval of the settlement by the

Court, with class counsel responsible for distributing $400 to each class member.[2]  In their

brief, the parties state that the administrator will distribute the funds to class members who

do not opt out of the settlement by mailing checks within 45 days after receipt of the funds

from defendant.[3]  The administrator already has each class member's address, and

members will not be required to submit a claim form.  The administrator will make

reasonable efforts to contact class members who have not cashed their checks.  The parties'

state in their brief that if a class member opts out or does not accept the payment by cashing

---

[2]  The parties' brief, citing to a particular provision of the settlement agreement, states that defendant will pay the settlement amount to the administrator within 30 days after execution of the settlement agreement.  The cited provision, however, provides only that defendant will pay the settlement amount to the settlement fund within ten days after the later of the Court's approval of the settlement agreement and the creation of the settlement fund.

[3]  The parties' brief contemplates the mailing of the settlement checks with the notice to the class of the settlement.  As stated above, however, the Court only preliminarily approves the settlement at this time to allow notice to be given to the class, with final approval to await the consideration of any objections at the approval hearing.  Thus, the Court does not contemplate distribution of the settlement fund to the class – or even payment by defendant to the settlement fund – until after final approval.

the check, the $400 allotted for that member will revert to defendant.[4]  The Court finds these procedures to be reasonable, and it preliminarily approves this process for distribution of the settlement amount.

The initial class notice authorized by the Court after certification provided a deadline and procedure for class members to opt out of the class.  The parties have not stated in their brief whether any member opted out, although it appears from the settlement amount that no one in the 48-member class chose to do so.  The parties have indicated in their brief that class members will be given another opportunity to opt out, with a deadline of 45 days from the mailing of the notice to the class of the settlement.  The proposed class notice sets out a procedure for opting out, and the Court approves that opt-out procedure. In its notice, the class shall be given an opt-out deadline of **February 13, 2023**.[5]

The parties' proposed class notice provides a procedure for class members to object to the settlement.  The Court approves that procedure as reasonable, and it directs that any objection shall be submitted by **February 13, 2023**.

---

[4]  The parties' correctly note in their brief that the settlement agreement contains no reversion provision; in fact, the agreement calls for a payment of $19,200 without addressing the situation in which a class member opts out or does not accept payment.  By the statements in their joint brief, however, the parties have agreed that the payment will indeed revert to defendant in that situation, and the Court will presume that that agreement is part of the overall agreement between the parties.

[5]  In their brief, the parties state that a class member will not have released his or her claim against defendant if he or she fails to participate in the settlement (opts out) or fails to cash the settlement check.  The settlement will be binding, however, on all class members who do not opt out using the prescribed procedure, and a member will not be permitted effectively to opt out simply by failing to cash the check.  If the parties have agreed that a class member may opt out merely by failing to accept the payment or cash the check, they should make that clear to the Court and alter the proposed notice accordingly.

Finally, the Court grants the parties' request to appoint McInnes Law, LLC as administrator of the settlement fund and class notice, and it hereby does make such appointment.

###### D.   *Class Notice*

The parties have attached a proposed class notice to their motion, to be mailed to each class member.  The Court approves the proposed method of issuing the notice as fair and adequate, and it approves the content of the notice with the following modifications:

*First*, as noted above, class members must be given an opportunity to object to the proposed attorney fee award, but the proposed notice does not mention the agreed award. Thus the notice should be revised to describe the fee award agreed by the parties and to indicate that members may also object to such an award.

*Second*, the proposed notice states that a member agrees to remain in the class by cashing the settlement check, but there is a formal procedure for opting out to be excluded from the preclusive effect of the settlement.  *See supra* note 4.  Thus the proposed notice should be revised to make clear that one remains a part of the class if the member fails to opt out as prescribed (or "does nothing").

*Third*, in the paragraph titled "What Can You Get?", the notice states that payments will be mailed on or after the "Effective Date," but that term is not defined.  The notice should be revised to state that the payments will be mailed within 45 days after receipt of the settlement funds (as the procedure is described in the parties' brief), which will occur after approval of the settlement by the Court.

*Fourth*, the same paragraph refers to a service award to the class representative, but no such service award has been sought by the parties.  Thus, to avoid confusion, the reference to a service award should be deleted.

*Fifth*, after listing the required contents for an objection to the settlement, the notice should make clear that a class member need not appear at the final approval hearing in order to have the member's objection considered by the Court; and that a class member will not be permitted to address the Court at the hearing without having submitted a written objection.

*Sixth*, the statement that the hearing may be postponed without notice should be deleted; if the hearing is moved to a later date, the Court will determine at that time whether additional notice to the class is required.

*Seventh*, the deadlines and hearing date set herein shall be inserted into the notice.

The parties should file a revised class notice for the Court's approval by **December 12, 2023**.  The administrator shall then send out the class notice as soon as practicable, and no later than 14 days of the Court's approval of the revised notice.

### E. <u>Final Approval Hearing</u>

The Court hereby sets the final settlement approval hearing for **February 28, 2023, at 1:30 p.m. CST**, in Courtroom 440 in the federal courthouse in Kansas City, Kansas.

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' joint motion for approval of their settlement (Doc. # 116) is hereby **granted in part** as set forth herein, and otherwise remains pending subject to final approval of the settlement.

9

IT IS SO ORDERED.

Dated this 8th day of December, 2022, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge