IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY DELCAVO, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 21-2137-JWL |
| TOUR RESOURCE CONSULTANTS, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This class action comes before the Court on the parties' joint motions for approval of a settlement that resolves the claims asserted by the class that the Court previously certified (Doc. ## 116, 124). By Memorandum and Order of December 8, 2022, the Court preliminarily approved the settlement and the proposed attorney fee award, appointed a settlement and notice administrator, and authorized notice to the class. On February 28, 2023, the Court conducted a hearing on these motions. For the reasons set forth below and on the record of the hearing, the Court **grants** the motions for final approval (Doc. # 3776), and it will issue a separate order and judgment setting forth the granted relief as requested by plaintiffs.

I. **Background**

Defendant provides travel services for groups, and in 2019 a music group, the Bach Festival Society ("Bach"), arranged for defendant to provide services for a June 2020 tour to Italy.  Plaintiff's son was a member of the group, and in November 2019 plaintiff paid defendant $400 as an initial deposit for the trip.  In March 2020, when travel to Italy became impossible in light of the COVID-19 pandemic, Bach's trip and plaintiff's booking were canceled.  Payments by plaintiff and other participants in the Bach trip were refunded by defendant with the exception that defendant retained $400 as a cancellation fee for each participant.

In March 2021, plaintiff filed this putative class action, in which plaintiff asserted common-law claims for unjust enrichment, conversion, and breach of contract, and claims under the Kansas Consumer Protection Act (KCPA), K.S.A. §§ 50-626, -627.  In November 2021, the Court granted in part plaintiff's motion for class certification, and it certified a class, limited to the participants in the Bach tour, for the assertion of all of plaintiff's claims except his claims under the KCPA based on affirmative misrepresentations by defendant.  Subsequently, plaintiff and the class abandoned all claims other than the class claims, i.e., the claims under the KCPA based on alleged omissions.  For its part, defendant has asserted a counterclaim for defamation, based on its allegation that the named plaintiff falsely accused it of having canceled the Bach tour.

In November 2022, shortly before the scheduled trial date, the parties reached a settlement of their claims. The principal terms of the settlement agreement are as follows: defendant agrees to pay $400 to each of the 48 class members, for a total payment of

2

$19,200; defendant agrees to pay $50,000 in attorney fees to class counsel, with half of that amount paid in flight and hotel benefits; and the parties agree to release each other for all liability relating to the claims asserted in this action.  On November 21, 2022, the parties jointly filed the instant motion seeking approval of the settlement and other relief, and on December 8, 2022, the Court granted preliminary approval.

## II.     Final Approval

### A.     *Settlement Terms*

Under Rule 23, a class action settlement may be approved by the Court only upon a finding that it is "fair, reasonable, and adequate."  *See* Fed. R. Civ. P. 23(e)(2).

> In deciding whether to approve a class settlement, a district court considers whether (1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) the parties believed the settlement was fair and reasonable.

*See Tenille v. Western Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (internal quotation and citation omitted).  The Court finds that each of the four factors cited by the Tenth Circuit is satisfied here and that this settlement is indeed fair, reasonable, and adequate.

*First*, the Court finds that the settlement was fairly and honestly negotiated.  Counsel confirm that each side negotiated in good faith.  Moreover, there is no evidence or suggestion of collusion or illegality here, as this litigation has been vigorously contested in this Court by experienced counsel, including throughout discovery, the class certification stage, and the briefing of dispositive motions.

*Second*, the Court confirms that serious legal and factual questions placed the outcome of the litigation of the class claims in doubt. Those questions included the proper interpretation of written documents, and plaintiffs faced a very real possibility of failing to procure any relief at trial.

*Third*, the Court agrees with the view of plaintiffs' counsel that the immediate recovery afforded by the settlement would be more valuable than the mere possibility of a more favorable outcome after further litigation. The amount of the settlement is substantial in the sense that each class member will be repaid the entire amount that was withheld by defendant after cancellation of the trip,[1] and as noted, the class faces a risk of little or no recovery at trial, not to mention a risk of encountering difficulty in executing on a judgment in the future. It is also significant that no class member has objected to the terms of the settlement.

*Fourth*, experienced counsel for both sides believe the settlement to be fair. The fairness of the settlement if further confirmed by the fact that no class member chose to opt out of the class after the settlement was reached.

---

[1] The parties have indicated that one class member opted out of the class after certification but before settlement. The parties confirmed at the settlement hearing their agreement that the $400 originally allocated to that class member will revert back to and be retained by defendant. Thus, with the consent of the parties, the Court actually approves a class settlement in the amount of $18,800, representing a $400 payment for each of 47 class members.

For these reasons, the Court finds that the settlement is fair, reasonable, and adequate, and it therefore approves that settlement of the class claims in accordance with Rule 23.[2]

B.   *Attorney Fees*

The parties also seek approval of their agreement concerning the attorney fees to be paid by defendant to class counsel. Rule 23(h) provides that the Court may award reasonable attorney fees authorized by the parties' agreement upon motion under Rule 54(d)(2). *See* Fed. R. Civ. P. 23(h). The Court therefore construes the parties' motion as one made under Rule 54 in accordance with Rule 23(h).

The parties have agreed that defendant will pay class counsel a total of $25,000 in cash and another $25,000 in travel benefits over the next two years. Given the scope of the litigation and the relief obtained by counsel for the class in the settlement, as well as the fact that the payment is separate from and thus does not affect the proposed payments to class members, the Court concludes that the proposed fee award is fair and reasonable. The Court therefore approves the requested fee award.

C.   *Class Notice*

The requirements for satisfaction of due process with respect to notice to class members of a proposed settlement are coextensive with those for satisfaction of Rule

---

[2]   The Court notes that the parties' settlement agreement also disposed of defendant's counterclaims against the named plaintiff. That agreement does not require the Court's approval, and the Court expresses no opinion concerning it. Because the counterclaims have also been settled, the Court's judgment also disposes of those claims, as requested by the parties.

23(c)(2), namely that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See Fager v. CenturyLink Communications, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016). The administrator previously appointed by the Court has confirmed that individual notice of the settlement (in the form approved by the Court) was provided to each class member. Accordingly, the Court finds that adequate notice of the settlement was provided to the class members.

### D. *Procedures for Distribution of Funds*

Finally, the Court approves as reasonable the proposed procedures for distribution of the settlement funds, as set forth in the Court's preliminary approval order. The Court also reconfirms its prior appointment of McInnes Law, LLC as administrator of the settlement fund.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' joint motions for approval of their settlement of the class claims (Doc. ## 116, 124) are hereby **granted** as set forth herein.

IT IS SO ORDERED.

Dated this 2nd day of March, 2023, in Kansas City, Kansas.

    /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] The parties brief suggest that plaintiffs are also seeking certification of a settlement class. No such new certification is necessary, however, as the Court previously certified a class in this case and the parties' agreement settles only the claims of the class as previously certified.

6